**UNITED STATES v. VEHICULAR PARKING, LIMITED, et al.**
**Civ. A. No. 259.**

District Court, D. Delaware.
July 18, 1944.

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

For opinion modified, see 54 F.Supp. 828.

Wendell Berge, Asst. Atty. Gen., Ernest S. Meyers and Elliott H. Moyer, Sp. Assts. to Atty. Gen., E. Houston Harsha, Sp. Atty., of Washington, D. C., and John J. Morris, [redacted] Jr., U. S. Atty., of Wilmington, Del., for plaintiff.

Samuel E. Darby, Jr. (of Darby & Darby), of New York City, and William S. Potter (of Southerland Berl & Potter), of Wilmington, Del., for Vehicular Group of defendants, and Carl C. Magee.

Lyman W. Sherwood and Clarence J. Loftus (of Loftus, Moore, Olson & Trexler), both of Chicago, Ill., and Edmund S. Hellings, of Wilmington, Del., for Duncan Meter Co. and Donald F. Duncan.

Edwin D. Steel, Jr. (of Morris Steel & Nichols), of Wilmington, Del., for Dual Parking Meter Co. and George E. Tribble.

C. Edward Duffy (of Logan & Duffy), of Wilmington, Del., and John E. Shepard, of Covington, Ky., for Mi-Co Meter Co. and F. L. Michaels and Alfred R. Miller.

Ivan Culbertson, of Wilmington, Del., and Stanley D. Fisher, of Hartford, Conn., for M. H. Rhodes, Inc., and M. H. Rhodes.

LEAHY, District Judge.

[redacted] 1. In the opinion filed in this case it was said "At the moment, no necessity appears that it [the decree] be directed against the individual defendants." See 54 F.Supp. 841. At the argument on the government's proposed form of decree, it was demonstrated that there is eminent authority for including individual defendants (see Shale's Decrees and Judgments in Federal Anti-Trust Cases) in order for full relief to be obtained; and I now conclude that the inclusion of the individual defendants here is appropriate in view of the fact that they were real forces in the combination and not merely employees carrying out corporate policies, especially where some of the individual defendants are neither officers nor directors of the corporate defendants and where, after reviewing the record, one finds the defendants making mere naked denials of the government's charges and an absence of proof of individual nonparticipation. An analysis of the fact situation in United States v. Pullman Co., D.C., 50 F. Supp. 123,—to which case I made passing reference in the opinion on the merits—shows that the facts in the case at bar do not fall within the special circumstances of the Pullman case and it is no authority for not joining the individual defendants here. All motions not to include the individual defendants in the decree are denied.

[redacted] 2. Conclusion of Law No. 19 recites: "The defendants have effectuated

298

a conspiracy to obtain and use patents and patent rights in violation of the Sherman Act and therefore should be enjoined from enforcing those patent rights, whether by suits for infringement or suits to collect royalties." Defendants move to strike this conclusion and paragraph 10 of the proposed decree which carries the conclusion of law into effect. Paragraph 13 of the proposed decree provides that this court retain jurisdiction over the cause, and it is broad enough to permit defendants to petition this court at any time in the future that the effects of the abuse of the patents have been fully dissipated so as to reinstate enforceability under the patent law. See B. B. Chemical Co. v. Ellis, 314 U.S. 495, 62 S.Ct. 406, 86 L.Ed. 367. But, defendants' self-purging does not result from their mere declarations that they will carry the decree into effect. Exculpation in these cases consists of a change in the method of doing business. When and if defendants are able to show a course of conduct which is free from the present taint of illegality, then consideration will be given to amend conclusion 19 and to delete paragraph 10 from the decree.

3. Conclusion of Law No. 20 states "The defendants have effectuated a conspiracy to obtain and use patents and patent rights in violation of the Sherman Act [15 U.S.C.A. §§ 1–7, 15 note], and therefore should be required to grant licenses under such patents and patent rights to any applicant therefor." This language was inadvertently included in my conclusions; but I have no intentions of keeping it there. In the opinion it was said: " * * * at this time, I am not certain the patents in suit should, as a practical matter, be virtually cancelled by the inclusion in the proposed decree of the provisions commanding royalty-free licensing." Hartford Empire Co. v. United States, 63 S.Ct. 764, is presently awaiting reargument in the Supreme Court, 64 S.Ct. 1141, on the question, among many others, as to the power of a district court to make such a provision in a decree in an anti-trust suit. Conclusion of Law No. 20 and paragraph 9 of the proposed decree will be deleted and further consideration of their utilization will be postponed until after the Supreme Court speaks. By consent the use of paragraph 11 of proposed decree will likewise be postponed.

4. The word "unlawfully" has been inserted in paragraph 5 of the decree as suggested by Dual; the phrase "the majority of the stock of" has been eliminated from line 18 of Finding of Fact No. 46 and the phrase "a substantial stock interest in" has been substituted.

Consideration has been given to other objections raised by defendants to the proposed decree but they hardly merit discussion. The proposed decree with the noted changes shall be filed herewith.