## UNITED STATES v. VEHICULAR PARKING, LIMITED, et al.

### Civil Action No. 259.

District Court, D. Delaware.

Aug. 8, 1945.

**657**

For former opinions, see 54 F.Supp. 828, 56 F.Supp. 297.

Wendell Berge, Asst. Atty. Gen., Ernest S. Meyers and Elliott H. Moyer, Sp. Assts. to Atty. Gen., E. Houston Harsha, Sp. Atty., of Washington, D. C., and John J. Morris, Jr., U. S. Atty., of Wilmington, Del., for plaintiff.

Samuel E. Darby, Jr. (of Darby & Darby), of New York City, and William S. Potter (of Southerland, Berl & Potter), of Wilmington, Del., for Vehicular Group of defendants and Carl C. Magee.

Lyman W. Sherwood and Clarence J. Loftus (of Loftus, Moore, Olson & Trexler), all of Chicago, Ill., and Edmund S. Hellings, of Wilmington, Del., for Duncan Meter Co. and Donald F. Duncan.

Edwin D. Steel, Jr. (of Morris, Steel & Nichols), of Wilmington, Del., for Dual Parking Meter Co. and George E. Tribble.

C. Edward Duffy (of Logan and Duffy), of Wilmington, Del., and John E. Shepard, of Covington, Ky., for Mi-Co Meter Co., F. L. Michaels and Alifred A. Miller.

Ivan Culbertson, of Wilmington, Del., and Stanley D. Fisher, of Hartford, Conn., for M. H. Rhodes, Inc., and M. H. Rhodes.

LEAHY, District Judge.

Final judgment was entered in this case, after final argument on the form of the decree.[1] Nearly a year later the Vehicular group of defendants[2] now moves to modify the judgment. The substantial features of suggested modification are: (1) Not to have the decree run against the individual defendants; (2) there should be no provision that defendants be required to give royalty-free licenses; (3) defendants should not be enjoined from threatening to institute or instituting infringement suits; and (4) the elimination of the visitorial paragraphs under which the Department of Justice is granted certain discovery privileges for the purpose of securing future compliance with the decree.[3] There were other modifications suggested. Their disposal will appear later.

1. While true in Hartford-Empire Co. v. United States, 323 U.S. 386, 65 S.Ct. 373, a statement appears that under the facts of that case, there was no necessity to have the injunctive features of the decree operate against individual defendants, in the case at bar the reasons for including individual defendants have already been discussed and decided. See 56 F.Supp. 297. Nothing additional has been brought forward persuasive enough to take the individual defendants from without the force of the decree entered.

2. Before the judgment was filed, the question whether defendants should be required to give to any and all applicants royalty-free licenses was fully argued and considered, but determination of the inclusion of such a provision in the decree was reserved. The government now urges that such a provision must be affirmatively inserted in the decree. The defendants object. The objection will be sustained because I am unable to agree with the government's reading of Hartford-Empire Co. v. United States, supra, that the court has *power* to mandate a royalty-free license where the patent has been used as an instrument in violation of the anti-trust laws. If a court could permit such a provision it would obviously be tantamount to a cancellation of the patent. There are definitive statutory provisions for cancellation of a patent. I am thus compelled to read Hartford-Empire Co. v. United States for the proposition that a patent is not to be cancelled by making it royalty-free because it was once utilized as a device to violate the anti-trust laws. Hence, Paragraph 9 of the decree should be deleted, as, under the views expressed herein, there is no judicial or legislative authorization for such a cancellation. There should be, however, in order to remedy the evil of the illegal monopoly which defendants have set up, some form of compulsory licensing. Hartford-Empire Co. v. United States, supra. Some such provision as this is suggested: "defendants and each of their officers and directors are hereby enjoined and restrained from refusing to grant licenses to any person desiring such license under any present patents owned or controlled by defendants.

[1] See 56 F.Supp. 297.
[2] See 54 F.Supp. 828.
[3] Questions (2) and (4) were specifically reserved in the decree entered.

and under which they are possessed of the right to grant sub-licenses on the same reasonable and lawful terms and conditions for which it has granted one or more licenses to others; and jurisdiction is specifically reserved to determine what are reasonable royalties or terms on present patents when and if application is ever made to this court for such determination." The decree should be amended to provide for some such provision or its paraphrase.

 3. Next, defendants seek elimination of paragraph 10 of the decree, which enjoins defendants from instituting or threatening to institute suits for past patent infringement or suits to collect royalties which are based on any of the patents appearing in Exhibit "A." [4]

In this connection, defendants must remember that when the patent owner uses his patent in violation of the anti-trust laws, he cannot restrain infringement of it by others. Morton Salt Co. v. G. S. Suppiger Co., 314 U.S. 488, 788, 62 S.Ct. 402, 86 L.Ed. 363; B. B. Chemical Co. v. Ellis, 314 U.S. 495, 62 S.Ct. 406, 86 L.Ed. 367; Mercoid Corporation v. Mid-Continent. Investment Co., 320 U.S. 661, 64 S.Ct. 268, 88 L.Ed. 376; and Mercoid Corporation v. Minneapolis-Honeywell Regulator Co., 320 U.S. 680. 64 S.Ct. 278, 88 L.Ed. 396. The findings which have been made in the case at bar manifestly support the charge of misuse of patent. Under these circumstances, I have already held that (see 56 F.Supp. 297, 298) when defendants are able to show a course of conduct which will be free from past taints of illegality, fresh consideration will be given to the elimination of paragraph 10 of the present decree. A year has passed. There has been no disclosure or report (either to this court or the Department of Justice) of the defendants' present or future methods of doing business or the manner in which they are utilizing their parking-meter patent rights. It is now concluded that an additional passage of time must occur for it to appear that defendants have exculpated themselves from their former violations of the anti-trust laws. Such report may come in the future; but until then the specific sanctions imposed by paragraph 10 must stand.

 4. The question was also reserved

in paragraph 11 as to the requirement that defendants file with the Attorney General certain information concerning future licensing. Paragraph 12, in addition, contains visitorial provisions giving the Department of Justice in the future certain powers of discovery over the books and records of the defendants. These provisions are and will be appropriate if it ever becomes necessary to police the future activities of defendants. They must, of course, remain in the decree.

Several other objections were made to the decree by way of suggested modification. All of these have been considered. They are, at best, minor in nature and, at bottom, have no merit. A proposed form of amended decree in conformity with what has been said should be submitted in order to carry the judgment into execution.

---

[4] Exhibit "A," attached to and a part of the decree, is incorrect in its listing of patents owned or controlled by defendant Vehicular group. The exhibit

should be corrected in accordance with the suggestion made by counsel for Dual and Tribble.