**DUNCAN METER CORPORATION et al. v. M. H. RHODES, Inc.**

Civ. A. No. 740.

District Court, D. Delaware.

Sept. 27, 1946.

Clarence J. Loftus, of Chicago, Ill., and C. Edward Duffy (of Logan & Duffy), of Wilmington, Del., for plaintiffs.

T. Clay Lindsey, of Hartford, Conn., and Marvel & Morford, of Wilmington, Del., for defendant.

LEAHY, District Judge.

This is a straight infringement suit, involving claim 15 of Miller No. 1,799,056, issued March 31, 1931. The defenses were invalidity and non-infringement. The decision in this case is that Miller '056 is invalid; but if valid, infringed by defendant's accused device.

1. Plaintiffs are Duncan Meter Corporation, an Illinois corporation, exclusive licensee under the patent, which deals with parking meters, in the parking meter field,[1] and Samuel Lee Miller, resident of California, owner of the patent, against M. H. Rhodes, Inc., a Delaware corporation.

2. Claim 15 of the patent is the claim in suit and is charged to be infringed by defendant's parking meter, PX. physical No. 1, admittedly manufactured and sold by defendant within six years prior to the date of suit.

3. The litigated patent, which incidentally does not mention parking meters in either the specifications or claims, deals with a coin-controlled apparatus for permitting a person to prepay for the use of radio receiving sets, washing machines, a telephone station for local and long distance calls, an electric refrigerator, an exercising machine, and allied apparatus, etc., for greater or lesser periods of time, depending upon the denomination of the coin employed. The patentee discloses a clockworks provided with a winding spring and an indicator; a multiple denominational coin-controlled device through which the clockworks is set and its spring is wound in accordance with the denomination of the particular coin employed; and a switch operated by the clockworks is set and which is opened when the clockworks returns to zero position. The disclosed coin-controlled device per se comprises a shaft with an actuating handle and carrying a coin carrier having a plurality of coin receiving grooves adapted to receive coins of different denominations through corresponding coin slots provided in the casing; a spring-returned pawl pivoted on the coin carrier and extending across the grooves; and a plurality of fixed cams of different lengths, each respectively registering with a different groove in the coin carrier and arranged to respectively deflect the coins of different denominations upon operation of the actuating handle to cause the pawl to engage a ratchet wheel carried by the arbor of the clockworks. Lengths of the respective cams determine the distances through which the clockworks is set by the coins of varying denominations. The apparatus shown in Miller is an accumulative one and, for any given value of coin, the clockworks is always set to the same extent, i. e., the apparatus is adapted to receive a series of coins in succession for progressively moving the indicating hand of the clockworks always through the same additional angle for the same additional period of time for any given value of coin.

4. Defendant's accused device, PX. physical No. 1, is a multiple (1¢ and 5¢) coin-controlled parking meter having a clockworks or timer unit with a spring driven arbor which carries a time indicating hand and two arms; and a multiple coin device or head which, upon operation, after depositing a five-cent or one-cent coin, engages one or the other of these arms depending on the size of the coin employed and then sets the clockworks, and winds the spring of the clockworks; the extent to which the clockworks is set is dependent upon the denomination of the coin deposited and the condition of the clock.

5. The claim (15) in suit is limited by its terms and by the file wrapper to a coin-controlled device per se. It fails to recite or include, as an element, a clockworks having a driving spring which is wound when the coin-controlled device is operated; neither a clockworks with an indicator; nor a clockworks or timer of any kind. The claim reads as follows:

"15. In a coin-controlled device, mechanism for setting an associated apparatus,

[1] Plaintiff Duncan was a member of a patent monopoly pool recently under censure by this court. For a phase of the parking meter industry see United States v. Vehicular Parking, Ltd., et al., D.C., 52 F.Supp. 749, 751; D.C., 54 F. Supp. 828; D.C., 56 F.Supp. 297; D.C., 61 F.Supp. 656.

means for actuating said mechanism comprising means for receiving coins of varying denominations, and spring returned coin deflected clutching means operatively associated with the coin receiving means for controlling said actuating means, to set the apparatus for periods of time, depending upon the denomination of coin employed."

6. The claim is so obviously functional, difficulty is experienced in attempting a catalysis of its elements. For purposes of discussion, the claim may be broken down as follows:

In a coin-controlled device,

A. mechanism for setting an associated apparatus,

B. means for actuating said mechanism comprising (b) means for receiving coins of varying denominations, and

C. spring returned coin deflected clutching means operatively associated with the coin receiving means for controlling said actuating means, to set the apparatus for periods of time, depending upon the denomination of coin employed.

7. Claim 15, when limited to a coin-controlled device per se, is anticipated by any one of the following prior art patents, each of which discloses all the elements of the claim which perform the same operations in substantially the same manner: Burdick No. 842,853 (Feb. 5, 1907); Schade No. 667,955 (Feb. 12, 1901); Lattig et al. No. 1,241,998 (Oct. 2, 1917); Arnold et al. No. 728,531 (May 19, 1903); Whitney No. 465,226 (Dec. 18, 1891); Root No. 515,170 (Feb. 20, 1894); and Holloway No. 1,186,578 (June 13, 1916).

8. Burdick No. 842,853 shows a multiple coin-controlled device having an operating shaft with a handle, and a coin carrier fixed to the shaft provided with a slot adapted to receive coins of varying denominations. Pivotally carried by the carrier is a spring returned pawl which is deflected by a cam acting through a coin inserted in the slot of the coin carrier when the handle is turned. The deflection of the pawl causes it to engage the teeth of a settable member which is then set by continued turning of the handle to an extent depending upon the denomination of the coin employed. Under my breakdown of the claim, as discussed in 6, supra, Burdick shows every element of claim 15, designed to function and functioning in the same way. The claim in suit, therefore, does not define invention over Burdick.

9. The claim, if construed to be directed to the combination of a coin-controlled device and a clockworks, is anticipated over the prior art, which shows the coin-controlled device to be old, the timer old, and the combination of these instrumentalities to be old, and performs the same function in the same manner. Such combination is shown in Arnold, supra, Watson No. 608,496 (Aug. 2, 1898) and Mordey et al. No. 739,695 (Sept. 22, 1903).

10. Arnold shows a selective multiple coin device and an indicating clock mechanism having an equivalent of a driving spring which is wound up when the clock mechanism is set in accordance with the denomination of coin employed. The coin-controlled device of Arnold is provided with an operating handle,[2] a coin carrier for receiving coins of varying denominations, and a spring returned coin deflected pawl,[3] associated with the receiving means for engagement with the ratchet wheel[4] connected to the clockworks, thereby setting the clockworks to extents depending upon the denomination of coins employed. The claim, if construed to be directed to the combination of coin-controlled device and a clockworks, is invalid as not covering a new combination, but merely an aggregation. The combination, performing the same functions in the same manner to obtain the same results, is shown in the prior patents to Arnold, Watson and Mordey et al., supra. The coin-controlled device per se, as called for in claim 15 of Miller, is old in the anticipating patents of Burdick, Schade, Lattig et al., Arnold et al., Whitney, Root and Holloway, supra; the clockworks device is old. As these devices are ones of general utility, there is

[2] "Actuating means".
[3] "Clutching means".
[4] "Mechanism for setting".

no invention in combining them, since the combination of a coin-controlled device and a spring driven clockworks was old, at least prior to the application date[5] of the patent in suit

Comment.

■ The claim in suit does not meet the requirements of R.S. § 4888, 35 U.S.C.A. § 33, as taught in Minnesota Mining & Mfg. Co. et al. v. The Carborundum Co. et al., 3 Cir., 155 F.2d 746, and Standard Oil Co. of California v. Tidewater Associated Oil Co. et al., 3 Cir., 154 F.2d 579, in that it fails to point out particularly, and distinctly claim the invention. The claim is vague, functional and indefinite as to its point of novelty. It fails to define the structure of the mechanism for setting, the coin receiving means, the clutching means, the actuating means, but merely recites their functions; it omits all references to cammed surfaces of varying lengths, which manifestly are the modus operandi of the disclosed structure.

■ However; if one is able to discover in claim 15 sufficient specificity of definition in pointing to invention, then it is not difficult to find infringement. Defendant's accused device is clearly a multiple coin-controlled timing device. Plaintiffs' claim 15 reads squarely on defendant's device; it contains all the essential elements of claim 15 or their equivalents arranged to operate in substantially the same way to accomplish the identical result which plaintiffs' claim for their invention. Obviously, defendant's accused device, as detailed, differs from the structure illustrated in plaintiffs' drawings, i. e., the extent of the winding of the spring of the timer is governed by the length of a cam, while in the accused device it is governed by the length of the long lever (10) and the short lever (17). Here, we have equivalents to the cams illustrated in the patent drawings.[6] Plaintiffs argue, "Claim 15 does not specify or call for cams but for means for receiving coins of varying denominations and spring returned coin deflected clutching means operatively associated with the coin receiving means for controlling said actuating means to set the apparatus for periods of time, depending upon the denomination of the coin employed." This argument is based, of course, on plaintiffs' interpretation of their claim and, if legally correct, the accused device certainly comes within the language used by plaintiffs. If the claim called particularly for cams instead of means, insofar as defendant's modification differs, it is in the mere use of an equivalent structural detail. If plaintiffs' patent is valid, then defendant should not be permitted to be an infringer by the substitution of equivalents.[7] One can not escape infringement by using better equivalents or by improving elements.[8] Neither may infringement be avoided by making additions which are improvements.[9] The drawing attached to

---

[5] June 28, 1930.

[6] As the witness Andres testified:
By the Court:
"Q. As I understand it, your testimony was that there are no cams in the accused structure, but there is a mechanical equivalent. A. That is right."

[7] Bardes v. American Engineering Co., 6 Cir., 109 F.2d 696; Winans v. Denmead, 15 How. 330, 14 L.Ed. 717; Ives v. Hamilton, 92 U.S. 426, 23 L.Ed. 494; Hoyt v. Horne, 145 U.S. 302, 12 S.Ct. 922, 36 L.Ed. 713; Consolidated Safety-Valve Co. v. Crosby Valve Co., 113 U.S. 157, 5 S.Ct. 513, 28 L.Ed. 939; Morley Mach. Co. v. Lancaster, 129 U.S. 263, 9 S.Ct. 299, 32 L.Ed. 715; McCormick Harvesting Machine Co. v. Aultman & Co., 6 Cir., 69 F. 371; Nathan v. Howard, 6 Cir., 143 F. 889; Vrooman v. Penhollow, 6 Cir., 179 F. 296; Sly Mfg. Co. v. Russell & Co., 6 Cir., 189 F. 61; Bundy Mfg. Co. v. Detroit Time-Register Co., 6 Cir., 94 F. 524, 536, 538.

[8] Blake v. Robertson, 94 U.S. 728, 24 L.Ed. 245; McCormick Harv. Mach. Co. v. Aultman & Co., 6 Cir., 69 F. 371; Penfield v. Chambers Bros. Co., 6 Cir., 92 F. 630, 653; Crown Cork & Seal Co. v. Aluminum Stopper Co., 4 Cir., 108 F. 845; Murray v. Detroit Wire Spring Co., 6 Cir., 206 F. 465, 468.

[9] Ryder, et al. v. Schlicter, 3 Cir., 126 F. 487; Herman v. Youngstown Car Mfg. Co., 6 Cir., 191 F. 579, 584; Murray v. Detroit Wire Spring Co., 6 Cir., 206 F. 465; Hobbs v. Beach, 180 U.S. 383, 401, 21 S.Ct. 409, 45 L.Ed. 586; Lord & Burnham Co. v. Payne, 3 Cir., 195 F. 75; Ries, et al. v. Barth Mfg. Co., 7 Cir., 136 F. 850, 853; Benjamin Electric Mfg. Co. v. Dale, 2 Cir., 158 F. 617;

plaintiffs' brief illustrates the workings and operation of defendant's accused device. It can not readily be set forth here, but the drawing and the description of its elements in operation are highly persuasive that the accused device would infringe plaintiffs' patent if it were valid.

The conclusions, simply stated, are that claim 15 of the patent in suit is invalid; but, if valid, infringed. An order may be submitted for the dismissal of the complaint.

Nathan v. Howard, 6 Cir., 143 F. 889; International Time Recording Co. v. Dey, 2 Cir., 142 F. 736; Cimiotti Unhairing Co. v. American Unhairing Co., 2 Cir., 115 F. 498, 504.