## UNITED STATES v. VEHICULAR PARK-ING, Limited, et al.

### Civ. No. 259.

District Court, D. Delaware.

July 23, 1947.

E. Houston Harsha, Sp. Atty. of the Department of Justice, of Chicago, Ill., Sigmund Timberg and Philip Marcus, Sp. Assts. to the Atty. Gen., and John J. Morris, Jr., U. S. Atty., of New York City, for the United States.

E. Ennalls Berl (of Southerland, Berl & Potter), of Wilmington, Del., and Samuel

E. Darby, Jr., of New York City, for the Vehicular defendants.

C. Edward Duffy (of Logan, Duffy & Boggs), of Wilmington, Del., Charles. M. McKnight, of Tulsa, Okl., and Robert F. Davis (of Stevens, Davis & Miller), of Washington, D.C., for intervening petitioner Magee-Hale Park-O-Meter Company.

LEAHY, District Judge.

Petitioner requests permission to intervene under Federal Rules of Civil Procedure, rule 24(a), 28 U.S.C.A. following section 723c, "Intervention of Right" and under Rule 24(b) "Permissive Intervention". Petitioner charges that it is in the business of manufacturing and selling parking meters throughout the United States and that defendants have accused petitioner of infringing certain claims of four of the patents of Schedule A, referred to in the judgment, and threatened infringement action. It charges further that defendants have offered petitioner a license under all of the patents of Schedule A, but at a royalty which petitioner believes to be unreasonable and that defendants have refused to grant any license under less than all the 31 patents in Schedule A or to give any royalty rate on a lesser number of patents. The real issue is whether petitioner comes within the class of persons protected by the judgment. Before discussing this question I wish to advert briefly to a suggestion I made at the hearing, that perhaps the petitioner might apply to the Department of Justice for relief and if Justice saw merit in petitioner's request for a license Justice, as plaintiff to the judgment, would apply to this court and urge the granting of a license to petitioner.

As petitioner has demonstrated, the suggestion would furnish no adequate relief. The only thing the Department of Justice could do would be to suggest to defendants that they grant a license on terms which they have thus far refused to do. If defendants refused to do this, the Department would be faced with the necessity of bringing action in this court to have defendants forced to comply with the judgment. Petitioner would have to supply the necessary evidence, through the Department, and pending action by the Department petitioner's business would be in serious danger because of threatened infringement action. Moreover, there would be no legal way of forcing the Department to take any action under the judgment unless it chose to do so. Moreover, if petitioner proceeded through the Department there would have to be the equivalent of two hearings; first, the adjudication of the Department of Justice that petitioner had a just cause and, second, the further proceedings to be brought in this court.

The real difficulty in the case is that the judgment does not specifically permit any party requesting a license to apply to the court for determination of the reasonableness of the royalty. In more recent judgments in anti-trust suits, United States v. Hartford-Empire Co., et al., D.C., 65 F.Supp. 271, 276; United States v. National Lead Co., et al., D.C., 63 F.Supp. 513, 535, the Department of Justice asked for and obtained a specific provision in the judgment that will permit any person requesting a license to apply to the court for determination of the reasonableness of the royalty. Here, the reservation of jurisdiction was over "any of the parties to this judgment". But, the sanctions intended to be imposed by the judgment were not for the benefit of the government vis-a-vis the defendants or for the defendants facing each other. Petitioner is affected by the judgment equally with the parties to it, as is any other competitor in the same field. It would obviously be most unreasonable to limit the judgment's application to the parties to the suit. Without pausing to consider whether, from a point of view of semantics, petitioner might not qualify as a party through the Department of Justice, which represents the public, I hold that the petitioner may intervene in this proceeding by permission of the court under Rule 24(b).

I have considered the other points raised by the parties but find no need specifically to discuss them except to state that the petitioner has prima facie shown that its petition is not a wholly frivolous one.