## MAGEE–HALE PARK–O–METER CO. v. VEHICULAR PARKING, LIMITED.

### No. 9978.

United States Court of Appeals
Third Circuit.

Argued Dec. 6, 1949.

Decided March 7, 1950.

Rehearing Denied April 22, 1950.

Robert F. Davis, Washington, D. C., Charles M. McKnight, Tulsa, Okl. (Richard K. Stevens, Stevens, Davis, Miller & Mosher, Washington, D. C., C. Edward Duffy, Logan, Duffy & Boggs, Wilmington, Delaware, on the brief), for appellant.

Harvey W. Lindsey, Jr., Chicago, Ill. (E. Ennalls Berl, Wilmington, Del., on the brief), for appellee.

Before BIGGS, Chief Judge, and O'CONNELL and KALODNER, Circuit Judges.

BIGGS, Chief Judge.

Magee-Hale Park-O-Meter Company (Magee-Hale), the original plaintiff in this action, manufacturers parking meters, and Vehicular Parking, Ltd. and others (designated as a group as "Vehicular" in this opinion) hold patents relating to parking meters. Magee-Hale alleged that Vehicular had threatened to bring an infringement suit against it based on four patents owned or controlled by Vehicular and that the patents in dispute were invalid and noninfringed. Magee-Hale prayed for a declaratory judgment to the end that certain claims of these patents[1] be declared invalid. See Section 274d of the former Judicial Code, now Sections 2201 and 2202 of Title 28 United States Code Annotated. The court below dismissed the complaint on motion of the defendant Vehicular Parking, Ltd. stating in a memorandum opinion that " * * * Magee-Hale on

1. The patents and the claims involved are as follows:

| No. | Name | Date | Title | Claims |
|---|---|---|---|---|
| 2,118,318 | Carl C. Magee | May 24, 1938 | Coin-Controlled Parking Meter | 10. |
| 2,168,302 | John B. McGay & George E. Nicholson | Aug. 1, 1939 | Coin-Controlled Time-Measuring Meter | 4, 5, 6, 8, 9, 10, 11, 12, 13, 14. |
| 2,198,422 | William N. Woodruff & Noel M. Seeburg | Apr. 23, 1940 | Coin-Controlled Timing Device | 1, 2, 3, 5, 9. |
| 2,284,221 | John B. McGay | May 26, 1942 | Parking Meter | 4, 5. |

November 26, 1947, filed its election to become a 'license.' [The suit at bar] * * * is bottomed on an obviously contrary position. * * * Accordingly the parties will proceed to hearings before the Master in Civil Action No. 259."[2]

Civil Action No. 259 now pending before a master in the court below supplies part of the background of the instant case. The United States was the plaintiff and Vehicular was found guilty of violations of the anti-trust laws of the United States. See U.S. v. Vehicular Parking, D.C.1944, 54 F.Supp. 828. The illegal practices on which the court's adjudication rests are irrelevant to the issues presently before us. It is sufficient to state that as one of the penalties of its illegal acts Vehicular was forbidden to bring any infringement suits based on patents owned or controlled by Vehicular relating to parking meters. See Id. and D.C., 56 F.Supp. 297.

After the decision of the Supreme Court in Hartford-Empire Co. v. United States, 323 U.S. 386, 65 S.Ct. 373, 89 L.Ed. 322, the decree in No. 259 was amended by the court below to require Vehicular to grant licenses under the patents to anyone desiring a license on the basis of the same "reasonable royalties" as were to be paid by other licensees. Jurisdiction was retained specifically by the district court to determine "reasonable royalties" or terms of licensing if an application should be made requiring such a determination. U. S. v. Vehicular Parking, D.C., 61 F.Supp. 656.

Magee-Hale was not a party to the anti-trust action at the time of the adjudications referred to in the opinions of the court below. After the district court held that Vehicular must grant licenses under its patents for reasonable royalties, Vehicular attempted to get Magee-Hale to take a license under the four patents referred to in note 1, supra, and twenty-seven other patents owned or controlled by Vehicular. No agreement was reached by Magee-Hale and Vehicular either as to the patents to be licensed or as to the royalties to be paid. Magee-Hale then petitioned the district court for leave to intervene in Civil Action No. 259. Magee-Hale alleged in its petition for intervention that Vehicular threatened to bring suit against it on the four patents referred to in note 1 to this opinion and prayed that the court below set reasonable royalties for Vehicular's patents. Intervention was allowed. D.C., 7 F.R.D. 336.

In resisting Magee-Hale's petition filed in Civil Action No. 259 that reasonable royalties be set by the court, Vehicular pointed out that Magee-Hale had not committed itself to take licenses after the royalties were fixed by the court. By way of "counterclaim"[3] Vehicular also demanded that Magee-Hale be required "to commit itself to accept a license" at royalty to be determined by the court, or, in the alternative, that Magee-Hale's petition be dismissed. As an "alternative counterclaim" Vehicular alleged infringement by Magee-Hale of Vehicular's four patents and prayed for an injunction against "further infringement" by Magee-Hale and for damages. Magee-Hale met Vehicular's counterclaims with motions to dismiss and, on this we lay emphasis, moved also for a summary judgment declaring the four Vehicular patents referred to herein to be invalid.

Magee-Hale then stated to the court that it would bind itself to take a license on certain conditions. These conditions are set out in the opinion of the court below, D.C., 74 F.Supp. 4, at page 5, as follows: "After oral argument and by way of briefs, Magee-Hale now states it wants to take a license under the four patents mentioned, have the court determine a reasonable royalty which Magee-Hale will be bound to accept, but under three conditions (1) the acceptance of the license will not serve as an admission of the validity of Vehicular's patents and the license will not preclude Magee-Hale from urging as a defense that the patents are invalid in any action brought under the license or in any action involving the patents; (2) that the acceptance by Magee-Hale of a license at the royalty fixed by the court will not constitute an

---

2. The opinion was not reported for publication.

3. Vehicular has so labelled this paper. The term used is immaterial here.

admission by Magee-Hale that any of its past or future operations are within the scope of the claims of the patents; and (3) the acceptance of the license will not serve as a waiver to urge any other defense in any action under the license."

The court below pointed out in an opinion that its forum was not the proper place for "litigious business men to stress and strain as they try to make a deal", and indicated[4] that it would require Magee-Hale to take a license without conditions or would strike out Magee-Hale's intervention but the court made no order to this effect. In other words, the District Court refused to set a reasonable royalty whereby Magee-Hale could be licensed under the four patents unless it agreed to take a license. The court did not dismiss Magee-Hale's motion for a summary judgment but stated: "I have considered the motions of Magee-Hale [including that for a summary judgment declaring the patents invalid] but do not think it necessary to pass on them at this time. Depending upon further events, Magee-Hale may renew its application[s] at some future time."[5] D.C., 74 F.Supp. 4, 6.

Magee-Hale then filed a written "election to take a license, without conditions or reservations" under the four Vehicular patents. As we have stated, the case was then referred to a master to determine "reasonable royalties". The order of ref-

erence provided that the master should consider the prior art for the purpose of limiting the scope of the patents but not for the purpose of reducing the scope of the patents to "zero".[6] Magee-Hale was thus given the opportunity to narrow the scope of the patents in accordance with the principles enunciated by the Supreme Court in Scott Paper Co. v. Marcalus, 326 U.S. 249, 66 S.Ct. 101, 90 L.Ed. 47. Eight days later, on October 27, 1948, Magee-Hale brought the instant independent suit in the court below requesting a declaratory judgment adjudging the four patents to be invalid.

It is a basic rule that declaratory judgments are to be granted only in the exercise of sound judicial discretion. Eccles v. Peoples Bank, 333 U.S. 426, 431, 68 S.Ct. 641, 92 L.Ed. 784; Borchard, Declaratory Judgments, pp. 293-314 (2 ed. 1941). We cannot say that the court below abused its discretion in dismissing the complaint in the instant case.

In reaching this conclusion we do not hold that the anti-trust suit, Civil action No. 259 in the court below, presents a proper opportunity to Magee-Hale to test the validity of the four patents. Questions of jurisdiction, pleading or venue may be presented but concerning these we need not now express any opinion. The court below seemingly was of the view that Magee-Hale should not be permitted to test the validity of the patents for the reasons given in its

4. The pertinent language of the District Court is:

"This court is not the proper place for litigious business men to stress and strain as they try to make a deal. Magee-Hale has the right to intervene here. Vehicular does not have the right to insist that if Magee-Hale is to take a license it must include all parking-meter patents owned by it. Magee-Hale does not have the right to take up this court's time in a determination of what is a reasonable royalty and then regard its decision as an advisory opinion and walk away without taking any license at all. More than that, Magee-Hale will not be heard to say that it will abide by the royalty rate fixed by the court but only with specific conditions.

"As I am not to be a party to any negotiations, I shall leave the parties free to negotiate elsewhere. The matter

will be resolved in this fashion; Magee-Hale will not be required to take a license covering all Vehicular's patents but only the four Magee-Hale wants; Magee-Hale has thirty days to consider but there are to be no reservations or conditions. It simply takes a license under the four patents. This court proceeds to fix what it considers a fair and reasonable royalty. Any and all risks as to future legal quarrels between the parties, over the patents or the license, if one is granted, are to be assumed by the parties. Otherwise, the petition of intervention and its prayers will be dismissed." D.C., 74 F.Supp. at pages 5, 6.

5. The motions, other than that for a declaratory judgment, referred to in the quotation need not be described here.

6. See Chief Judge Leahy's order of reference dated October 19, 1948. .

opinion at D.C., 74 F.Supp. at pages 4 et seq. but the trial judge did not dismiss Magee-Hale's motion for a summary judgment declaring the patents invalid but decided only that the court should not pass on it "at this time". Apparently involved in the right of Magee-Hale to test the validity of the patents in the anti-trust suit is Magee-Hale's status following the filing of its election, however compelled, to be licensed under the four patents "without conditions or reservations." We use the phrase "apparently involved" advisedly for we think it is impossible to decide questions of Magee-Hale's rights and status definitively on the record in the instant suit. If Magee-Hale may not test the validity of the patents in the anti-trust suit the court below should make an order denying Magee-Hale's motion.

Such an order may or may not be appealable. See Rule 54(b), Federal Rules of Civil Procedure, 28 U.S.C.A. But we entertain no doubt that an appeal will lie from the final order of the court below, to be entered following the report of the master, determining "a reasonable royalty" to be paid by the licensee. An appeal from such an order, if taken by Magee-Hale, will search the record and give to this court jurisdiction to test the validity of the order denying or dismissing Magee-Hale's motion for a summary judgment declaring the patents invalid. Milwaukee & M. R. Co. v. Soutter, 2 Wall. 510, 69 U.ː. 510, 520-522, 17 L.Ed. 900; Copper River Min. Co. v. McClellan, 9 Cir., 138 F. 333, 339, certiorari denied 200 U.S. 616, 26 S.Ct. 753, 50 L.Ed. 622. If it should be determined by the court below that Magee-Hale may try the validity of the patents, as distinguished from their scope, in the anti-trust suit, Magee-Hale will have lost no right. If the contrary be decided the issues involved can be brought before this court and we can determine the rights of Magee-Hale. Magee-Hale has seen fit to try to test the validity of the patents in the suit at No. 259. We cannot say under all the circumstances that

it is inappropriate for Magee-Hale to remain as a party at No. 259 until it be granted or denied relief therein.

We take this opportunity to point out the desirability, in fact, the necessity, of the the trial courts of this circuit entering definitive orders at each stage of a proceeding as they may be required.

Set out in the note below are the relevant reported decisions in Civil Action No. 259.[7]

Judge O'CONNELL took part in the decision of this case but died before the opinion was filed.

The judgment of the court below will be affirmed.

---

7. As follows: U. S. v. Vehicular Parking, D.C.1944, 54 F.Supp. 828; D.C.1944, 56 F.Supp. 297; D.C.1945, 61 F.Supp. 656; D.C.1947, 7 F.R.D. 336, and D.C.1947, 74 F.Supp. 4.