Mr. Justice MILLER
 

 delivered the opinion of the court.
 

 The first ground assigned for the appeal is, that the decree is a departure from the mandate of the court, because it should not have been rendered until the accounts of the receiver were adjusted, and it was judicially ascertained how much of the millions he had received ought now to be applied to the payment of complainants’ interest coupons.
 

 This construction of the mandate cannot be sustained. The receiver is the officer of the court, and neither party is responsible for his misfeasance or malfeasance, if any such exists, and it was not, therefore, reasonable that complainants should be delayed in the collection of their debts until the close of a litigation over the receiver’s accounts, which might occupy several years. The suit had already been pending four years, and the mandate required the Circuit Court, in its decree
 
 nisi,
 
 to give another year for the payment of the sum found due. To suppose that this court
 
 *520
 
 intended, in addition to these five years, to withhold the recovery of complainants for the additional uncertain period which might be necessary to litigate the receiver’s accounts, is to impute to it a manifest injustice. The language of the mandate had reference to the sum
 
 actually
 
 in the receiver’s hands, properly applicable to the payment of this debt, and not to what it might turn out on full investigation
 
 ought
 
 to be there for that purpose. This court had no reason to suppose that there would be any controversy with the receiver on’ the subject, and framed its mandate on the supposition that all the money for which he would be responsible, would be at once forthcoming. If such is not the case, neither the loss nor the delay of ascertaining the fact was intended by this court to be imposed on the complainants. The decree of the court .is, therefore, affirmed.
 

 But another order was made by the Circuit Court, of a very important nature, after the return of the case from this court, and before the decree just affirmed, which appellants seek to have reversed.
 

 At the first term of that court after the mandate was filed, the appellant proposed to pay all the money due on complainants’ mortgage, on condition that an order should be made discharging the receiver, and placing the road and its appurtenances in the possession of appellants. TJpon the hearing of this petition of appellant, the judges of. the Circuit” Court were divided in opinion, and the application was thereupon refused, as it was not a division upon a subject which is authorized to be certified to this court for its action.
 

 The appellant insists that this court shall now review the order of the Circuit Court on- this subject; and while conceding that it is not such an order, as standing alone could bo the subject of an appeal, contends, that as the record is properly here on appeal from the final decree which we have just considered, the whole record is open for our inspection, and rhat it is our duty to correct the error of which he complains in this particular.
 

 
 *521
 
 There is no question but that many orders or- decrees, affecting materially the rights of the parties, are made in the progress of a chancery suit, rvhicli are not final in the sense of that word in its relation to appeals. The order of the court atfirming or annulling a patent, and referring the case to a master for an account, is an instance. The adjudications which the court makes on exception to reports of masters, often involving the whole matter in litigation, are not final decrees; and in these and numerous other cases, if the court can only, on appeal, examine the final or last order or decree which gives the right of appeal, it is obvious that the entire benefit of an ajjpeal must, in many cases, be lost.
 

 The order complained of in this case seems to be one of this class. The complainants are seeking a foreclosure of a mortgage with a view to make their debt. The owner of the equity of redemption in the mortgaged premises comes forward and oilers to pay this debt, or all of it that is due, provided his property, which is in the custody of the court, shall then be restored to his possession. The right of the owner to this order is, under ordinary circumstances, rmry clear, and a refusal by the court to give him this right would seem to call for the revisory power of this court, when the whole case is before it, on the record brought here by appeal from a final decree.
 

 The only doubt which the court could have on the question arises from the principle that the appointment and discharge of a receiver are ordinarily matters of discretion in the Circuit Court, with which this court will not interfere.
 

 As a general rule, this proposition is not denied. But we do not think it applicable to the case before us. 'While the parties to this suit were fiercely litigating the amount of the mortgage debt, and questions of fraud in the origin of that debt, the appointment, or the discharge of a receiver for the moi'tgaged property, very properly belonged to the discretion of the court in which the litigation was pending. But when those questions had been passed upon by the Circuit Court, and by this court also on appeal, and the amount of the debt definitely fixed by this court, the right of the defen
 
 *522
 
 dant to pay that sum, and have a restoration of his property by discharge of the receiver, is clear, and does not depend on the discretion of the Circuit Court. It is a right which •the party can claim; and if he shows himself entitled to it on the facts in the record, there is no discretion in the couTt to withhold it. A refusal is error — -judicial error — which this court is bound to correct when the matter, as in this instance, is fairly before it. That the order asked for by appellants should have been granted, seems to us very clear.
 

 It was objected by the complainants that the receiver should not be discharged, because the security ,of the road and its appurtenances was not sufficient -to insure the payment of their debt, and, therefore, its receipts should be applied to that purpose through the agency of a receiver.
 

 The amount of complainants’ debt, exclusive of the interest (which appellants proposed to pay), was one million of dollars, which, added to twelve hundred thousand dollars of prior mortgages, made the sum of two millions two hundred thousand dollars which the road and its appurtenances should be’worth to secure complainants’ debt. The road bed on which complainants’ mortgage is a lien is ninety-five miles from Milwaukie to Portage, besides the depots, rolling stock, and other appurtenances belonging to it. It constitutes a part of the direct, line from the former city to the Mississippi River, which is one of the most valuable routes in the United States, both present and prospective. The gross earnings from this ninety-five miles for the year preceding the application to discharge the receiver, as shown by his reports, were about eight hundred thousand dollars; and although these reports show a great falling off in the receiver’s receipts since that time, the circumstances which have produced it are not of a character to incline us to continue the road in the possession of a receiver. The road was also in good repair. The decree which we have just affirmed authorizes the complainants, upon default in payment of any future instalment of interest, to apply for and have an order of sale of the road under that decree. Under these circumstances, when appellants propose to pay to me $300,000 or
 
 *523
 
 $400,000 of complainants’ debt before possession is given, it is idle to say that the security of their debt requires the road still to be detained from its lawful owner.
 

 Sebre Howard objects to the discharge of a receiver, because he has a judgment of $16,000 against the La Crosse and Mihvaukie Railroad Company J which he claims to be a lien on the road; and as tlie present receiver has also been appointed receiver in his suit, he claims that his debt must first be paid before he can be discharged.
 

 The idea of appointing or continuing a receiver for the purpose of taking ninety-five miles of railroad from its lawful owners, which is earning a gross revenue of $800,000 per annum, to enforce the payment of a judgment of $16,000, the lien of which is seriously controverted, is so repugnant to all our ideas of judicial proceedings that we cannot argue the question. If Mr. Howard has a valid judgment, the usual modes of enforcing that judgment are open to him, both at law and in chancery; but the extraordinary proceeding of taking millions of dollars worth of property — of such peculiar character as railroad property is — from its rightful possessors, as one of the usual means of collecting such a comparatively small debt, can find no countenance in this court.
 

 Selah Chamberlain objects tó the discharge of the receiver, and particularly to delivering the. property into possession of appellants, because he says he has a lien of over $7.00,000 on the road, and because that lien is secured by a lease which entitles him to the possession of the road.
 

 Mr. Chamberlain had been in possession under his lease for some time prior to the appointment of a receiver, under a contract with the La Crosse and Milwaukie Railroad- Company, by which he bound himself to keep down the interest on the various mortgages on the road, including the one on which this suit is brought. This he had failed to do, and had actually abandoned the possession to the complainants in this suit, who were in possession at the time the receiver was appointed. His judgment was assailed, and declared to be fraudulent and void by a decree of the District Court of the United States. There is a question whether that decree
 
 *524
 
 ¡.s binding as between him and the present appellants, which we do not intend to decide here; but we refer to this fact as having strong influence on the'question of the propriety of keeping the road in the hands of a receiver for his benefit, or delivering it to him if the receiver is' discharged. We shall endeavor to protect'his interest, whatever it may bé, in any order that shall be made on the subject.
 

 As to the Milwaukie and St. Paul Railway Company, who also resisted this application, we do not see that they have any legal interest in the matter; and the interest which prompts their interference is not such as the court can consider on an application of this kind.
 

 In reference to all these parties we remark again, that the court deprives them of none of their rights to proceed in the courts in the ordinary mode to collect their debts, and that the appointment of receivers by a court to manage the affairs of a long line of railroad, continued through five or six years, is one of those judicial powers, the exercise of which can only be justified by the pressure of an absolute necessity. Such a necessity does not exist here; and the fact that so many years of the exercise of this power has not produced payment of any part of "the debts which the receiver was appointed to secure, is an irresistible argument against his longer continuance.
 

 The order of the court dismissing this application' is, therefore, reversed, and the case remanded to the Circuit Court, with instructions to ascertain the amount due to complainants within some ■ reasonable time to be fixed by said court, and to make an order that on the payment of that sum, with the costs of complainants, into court, the receiver shall be discharged, and the railroad from Milwaukie to Portage City, with all the appurtenances, rolling stock, and other property, real and personal, belonging to said division of road, be delivered by said receiver to the Milwaukie and Minnesota Railroad Company; but that no such discharge of the receiver, or delivery of the road and its appurtenances, shall be made until said company shall first enter into bond
 
 *525
 
 •with, sufficient surety to pay to Sebre Howard and Selah Chamberlain all such sums as may come into the hands of said company, which shall hereafter be found to be rightfully applicable to the payment of their claims, if they shall be established as liens on said road. And the appellants to recover their costs in this court.
 

 Action accordingly.