CHARLES C. WHITAKER, ADMINISTRATOR OF THE ESTATE OF J. T. EVERS, DECEASED, APPELLANT, vs. S. M. SPARKMAN, ET AL., APPELLEES.

1. A county judge has no power to limit or extend the time prescribed by section 21, page 328, McClellan's Digest, for taking an appeal from a judgment, order or decree.

2. An order of a county judge requiring the administrator of an insolvent estate to pay over to such judge or court for distribution among creditors the moneys reported by him to the court as in his hands to be so distributed, is unauthorized. It is also a final order and appealable, under section 12, page 328, McClellan's Digest.

Appeal from the Circuit Court for Hillsborough county.

Motion to dismiss Appeal.

### STATEMENT.

There is a motion to dismiss an appeal taken from an order of the Circuit Court of Hillsborough county dismissing an appeal prosecuted to that court from an order of the County Judge of the same county, in the exercise of his probate powers. The appellant, the administrator *de bonis non* of the estate of J. T. Evers, had filed in such County Judge's court on April 21, 1891, a report which represented, in effect, that there was in his hands as such administrator a balance, "including lot in Plant City," of $5,089.87, to be distributed. The value of this lot is stated in the account to be $100. On the same day the following

motion was made therein: Now come Sparkman & Sparkman and MacFarlane & Pettingill, as attorneys representing various creditors of said estate, whose claims have been allowed by this court in proceedings of insolvency, and, before hearing is had by this court on the report of the said administrator, move the court for on order to compel C. C. Whitaker, administrator of said estate, to pay over to the court the sum of $4,989.87, the amount shown by the report to be in his hands belonging to said estate, for *pro rata* distribution among the several creditors of the estate whose accounts have been allowed by this court in proceedings in insolvency. Thereupon the County Judge made an order that the appellant should pay over "to this court instanter" the stated sum as prayed for in the motion, or show cause why he should not do so. To this motion there was a counter motion, or application, for its dismissal, on the ground that it neither alleged what creditors the moving attorneys represented, nor was brought in the name of any creditors, nor alleged any cause why the money should be turned over to the court, and other grounds not necessary to be stated. This counter motion, or, as it is called, demurrer, was overruled, and the appellant then filed a paper, or "answer," stating as cause why the appellee's motion should not be granted:

1st. That no devastavit by appellant was alleged ;

2d. That no *pro rata* distribution of the assets remaining in said estate had been ordered, and that the

administrator was the proper and legal custodian of said assets until such distribution should be ordered ;

3d. That if the administrator should comply with such order, it would delay and retard the administration of said estate, as the court would have no authority to pay out the funds of said estate by compliance with the *pro rata* distribution to be ordered by said court ;

4th. If the funds remaining in said estate were turned over to the court in compliance with such order, the administrator would not be relieved of said administration, and his bondsmen would still be liable on the administration bonds ;

5th. The estate has not been settled, and the administrator is the legal custodian of all assets remaining in the estate until the final settlement.

This paper also requested the County Judge to order a *pro rata* distribution at once, so that a final settlement might be had, and the administrator discharged.

The matter having been heard on the motion and answer, the County Judge, on the 24th of the stated month, made the following order : "It is hereby ordered and adjudged that the answer of the administrator is insufficient, and that said order is hereby made absolute and peremptory, and said administrator is hereby ordered to pay into court the amount of money shown to be in his hands by his said report, instanter and without excuse. It is hereby further ordered that the said C. C. Whitaker, administrator *de bonis non*, having in open court refused to pay the

foregoing order of the court to pay into court the money in his hands, and having in open court prayed an appeal from the foregoing order, to enter into additional bonds as aforesaid in the sum of $10,000, with good and sufficient sureties conditioned according to law, before his said prayer for the appeal is entertained by this court."

On the 12th day of May, 1891, the administrator entered an appeal to the Circuit Court, and filed an appeal bond, which received the approval of the County Judge.

At the Fall term, A. D. 1891, of the Hillsborough Circuit Court, "Sparkman & Sparkman, McFarlane & Pettingill, and Barron Phillips, representing creditors of said estate of J. T. Evers, deceased," moved to dismiss the appeal, the grounds of such motion being that the order appealed from was not a final judgment, order or decree of the County Judge; and that "the appeal was not perfected within the time allowed by the court at the term at which the order so appealed from was made, but the time for perfecting the same was extended by the judge of said court before the expiration of the term at which said appeal was taken."

The Circuit Court dismissed the appeal, and from this action an appeal has been taken to the Supreme Court.

*Solon B. Turman* for Appellant.

*S. M. Sparkman* and *Barron Phillips* for the Appellees.

RANEY, C. J. :

The order of the Circuit Court dismissing the appeal does not specify the ground influencing its judgment. Of course it was not necessary that it should do so, but as no attempt is made to sustain his action on the basis of the second ground of the motion, and as the appeal was perfected within the time then prescribed by the statute, sec. 21, p. 328, McClellan's Digest, that time being "within twenty days after the making of the said judgment, order or decree," and as the County Judge had no power to limit or extend the time for appealing, and thereby suspend the statute, (Lewis vs. Meginniss, 25 Fla., 589, 6 South. Rep., 169; Jackson vs. Haisley, 27 Fla., 205, 9 South. Rep., 648,) we can not hesitate to assume that the Circuit Judge was not impressed by the second ground, even if it was urged before him.

Nor in our judgment is the other or first ground tenable. The act just referred to authorized appeals from "any final order, judgment or decree." The purpose of the order in question was to take from the manual possession of the administrator the money referred to therein, $4,989.87, and to place it in the custody of the court, the County Judge. Whether it was his purpose to hold the money in his own hands until he could adjudicate the *pro rata* of the several creditors, and pay the same to them, or to put it in the custody of some other safe person or repository,

pending such adjudication, subject to the order of the court, is immaterial. When the statute of 1853, sec. 3, p. 582, *et seq.*, McClellan's Digest, sec. 1942 R. S., says that the judge shall make distribution of an insolvent estate among the creditors, *pro rata*, and that such distribution shall be conclusive unless reversed on appeal, it means that he shall ascertain and adjudge the amount which is to be paid to each lawful creditor out of the net funds realized from the assets, and that the judgment, order or decree declaring these amounts and directing their payment, shall be conclusive, unless it is appealed from and reversed on such appeal. It is not the purpose or effect of this act to deprive the administrator of the physical custody of the assets of which he may have filed a true and perfect schedule in the court; nor to make the County Judge or any other officer the custodian of such property, but the object is merely to secure, through the formalities prescribed, a judicial ascertainment of the *pro rata* amount due each lawful creditor, and a like direction that it be paid by the administrator. This order, in case there is no appeal and supersedeas, it is the duty of the administrator to obey by making the payments adjudged, he taking from the creditor receipts for the same; which receipt he is entitled to as his protecting voucher, and to file on his final accounting with the court. The act of February 27th, 1877, sec. 11, p. 584, McClellan's Digest, sec. 1946, R. S., in providing that all assets, real and personal, belonging to an insolvent estate shall, after the suggestion of insolvency, remain in the hands of the executor or ad-

ministrator until the *pro rata* distribution of the assets is ordered by the court, is conclusive of the correctness of this position; and in our judgment the act of 1853 never had any different effect, although the origin of the latter provision is attributable doubtless to the prevalence of a contrary view in some localities. Besides the general effect of this provision, the use of the word "ordered" clearly supports our construction of the original provision as to the judge making distribution of the estate. It is moreover not to be inferred from the fact that the declaration of the latter provision speaks only as to the time prior to the order of distribution, that the meaning of the law makers was that after the order should be made the moneys should go into the possession of the court. The court orders the administrator or executor to make the *pro rata* distribution among the creditors; to pay them, not to pay over to the court, and it does not order itself to distribute. The administration continues until the estate is settled and the administrator discharged. There is in neither act any basis, that we can perceive, for the idea that the court supplants the administrator or executor in his possession. The provision of the act of 1877, that lands belonging to an insolvent estate after the suggestion of insolvency, shall be sold to pay debts under the same proceedings as lands of solvent estates, sec. 12, p. 584, McClellan's Digest, sec. 1947, R. S., is of itself inconsistent with such idea. Under the statute the estate is administered through the court, but the proceedings are instituted by the ad-

ministrator or executor by a written suggestion, and there is not only no express provision in this act that authorizes an interference with his possession, but there is no privilege given, or duty imposed, by it upon any one, which is inconsistent with his right of possession. Of course, when the order of payment to the creditors is made, it is his duty to obey it, and when such an order is made, and is not appealed from and duly superseded, his right of possession, as against the creditors, ceases, and when such an order shall be disobeyed, it may become the duty of this court to speak as to the powers of the County Judge to enforce obedience to its order. No such question is before us now. Of course there is nothing in what is said above to imply any absence of power in the court of chancery, when the suggestion is made there, to use its ordinary machinery for stating accounts, nor do we mean to say that the statute is in derogation of any of the previously existing powers of a court of chancery as to matters of administration.

The appellant being entitled, by the law governing the administration of the estates of deceased persons, to retain the possession of the assets of this estate, until it shall become his duty to make payment to the creditors under an order of distribution from which no appeal with supersedeas shall be taken, the palpable effect of the order of the County Judge was to deprive him of a clear legal right, and one which it was his manifest duty to protect. His own rights and his

duty to his sureties, and to any creditor who may not have been represented by the attorneys moving against him, demanded a resistance of the order in the mode pursued by him. The effect of the order, if executed, would be an absolute and permanent deprivation of his possession of the moneys in question. It is a proceeding for which we can find no basis or support in the laws of this State. No complaint of waste, or of any default of duty as administrator has been made against him, and if there had been, the remedy, in the County Judge's court, under the statutes, would have been a removal, and appointment of a successor, and an order to turn over the assets to such successor. McClellan's Digest, sec. 81, *et seq.*, pp. 99-100. His status upon the record before us is that of an administrator of unimpeached standing, and as such, he has been proceeded against by motion for the possession of assets of the estate, and an order has been made depriving him of his possession, and to no end recognized by our laws. This order is the final adjudication of this proceeding, and the next natural step in it, had he never appealed nor obeyed, would have been an attachment of his person to compel obedience. The order as to the possession of this money is as final as a judgment of a competent court in an action of ejectment against him for the lot of land in Plant City would be, as to the possession of it. It is not made less final on this point, nor less destructive of his legal right of possession, by any theory that the

purpose of the court was to make distribution after getting possession. If this was the purpose, then it is apparent that he was never to have possession again, and some one else was to have possession until payment to the creditors should be made, and was moreover to make such payment. Not only does the statute fail to recognize such a proceeding as a lawful preliminary to any further or other proceeding, but the order omits to declare the end or purpose in view; nor is there any purpose that can be invoked in support of the order. The motion was a proceeding against the appellant's possession, and it has been fully adjudicated, and adjudicates nothing else than a bare deprivation of the administrator's lawful possession. No further adjudication on this motion remains to be made; execution of it against the administrator is all that can follow.

The order is final, and not interlocutory. It adjudicates relief of a final character (Bondurant vs. Apperson, 4 Met. Ky., 30), in that it deprives the administrator absolutely of his lawful possession, even assuming that the purpose of the court was to make distribution of the moneys among the creditors after getting possession. It is no mere opinion that such relief should be given (Hagthorp vs. Hook, 1 Gill & J., 270), but it gives that relief itself, and no further action of the court remains to be had, except the issue of process for its enforcement, even if process is to come from the court. Bondurant vs. Apperson, *supra.* It determines the litigation between the moving credi-

tors and the administrator as to the possession of the fund, the only question, issue or controversy involved in the motion; and the appellees had immediate right to execution. If there had been an affirmance by the Circuit Court, the County Judge would have had nothing to do but execute his decree. Dainese vs. Kendall, 119 U. S., 53; St. Louis, I. M. & S. S. R. Co. vs. Southern Express Co., 108 U. S., 24; Mo., K. & T. R. R. Co. vs. Dinsmore, *Ibid*, 29; Forgay vs. Conrad, 6 How, 201; Chicago Life Ins. Co. vs. Auditor, 100 Ill., 478; Myers vs. Manny, 63 Ill., 211; Thompson vs. Dean, 7 Wall., 342; Stovall vs. Banks, 10 Wall., 583; Mower vs. Fletcher, 114 U. S., 127; Grant vs. Phœnix Ins. Co., 106 U. S., 429. The fact of the order requiring the money to be paid into court does not deprive it of its final character. Hinckley vs. Gilman, C. & S. R. R. Co., 94 U. S., 467; Railroad Company vs. Bradleys, 7 Wall., 575; Thompson vs. McKim, 6 Harris & J., 302. That the order does not settle the entire administration suit, or the distribution of the moneys mentioned, is not material. Forgay vs. Conrad, *supra*. The distribution of the fund among the admitted and adjudicated creditors is a matter for contest among them. This is a distinct contest between certain creditors and the administrator as to the right of possession of the funds pending the administration, and its decision does not affect and is not affected by the other question. Such distinct issues have been recognized often by the courts as final orders or judgments. Jeffreys vs. Coleman, 20 Fla., 536; Williams vs. Hutchinson, 26 Fla., 513, 7 South.

Rep., 852 ; Hinckley vs. Gilman, C. & S. R. R. Co., *supra ;* Williams vs. Morgan, 111 U. S., 684 ; Savannah vs. Jesup, 106 U. S., 563. That orders in chancery appointing receivers *pendente lite*, of property which is in litigation, either to preserve it or to manage it and apply the income therefrom in cases of insolvency to the payment of the debts to which it is subject, are not regarded as final or appealable, but are held to be in the discretion of the court and as not settling any rights (1 Black on Judgments, sec. 32 ; Grant vs. Phœnix, 106 U. S., 429 ; Louisiana Bank vs. Whitney, 121 U. S., 284), we are aware; but with these authorities we have no controversy here. There the court of chancery is acting within the limits of its recognized power and according to its established procedure, yet, we may remark, there is a point at which this discretionary power ceases, and the principle of judicial error reviewable on appeal obtains. Railroad Company vs. Soutter, 2 Wall., 510, 521 *et seq.* Such deprivations of possession are made in accordance with established principles of law applicable to certain conditions ; but here the case is entirely different, the order being made by a court which has not such powers or discretion. There is no law in this State which gave to a County Judge the power to transfer to himself, either individually or as such judge, or to the registry of his court, pending the *pro rata* adjudication, the assets of an insolvent estate held by an administrator. As indicated above, the statutes prescribe the proceedings to be taken before him when

the short-comings of an administrator suggest the necessity for his removal, and the transfer of his trust to more worthy hands. There are also certain statutory provisions requiring the administrator to give additional bond before the proceeds from the sale of lands of the estate shall go into his hands (pp. 85–92 McClellan's Digest); and there is a statute providing that executors and other persons holding the assets of deceased persons shall, on the application of heirs, legatees, devisees or creditors, be required by the County Judge to give bond, with surety, of prescribed conditions, when it is made to appear that there is reasonable ground to apprehend that there will be waste or diversion of the assets from proper administration; sec. 12, p. 80, *Ibid.* A failure to give bond for any purpose required by law is also a ground for removal. Sec. 81, p. 99, *Ibid.* As against the County Judge, and also the creditors, he is entitled to hold the assets as indicated above, until there is an order to pay them to the creditors. Then he should pay the creditors respectively the amounts decreed to them, unless there should be an appeal and supersedeas to the decree; in which case he still remains their legal custodian, pending both the appellate proceedings, and any others consequent thereon. The law has not made the County Court such custodian.

A discussion of the other points raised is not necessary to the decision of this motion.

The motion is denied, and in consequence of the expression of the conclusions announced above, which expression was unavoidable in the decision of the motion, it is proper that the cause should be remanded to the Circuit Court of Hillsborough county, with directions that the order dismissing the appeal to that court be vacated and the cause reinstated upon its docket for further proceedings according to law.

It will be ordered accordingly.