532

## UNTERSINGER v. UNITED STATES.

United States District Court
S. D. New York.

July 25, 1949.

Paul C. Matthews, New York City, proctor for libellant.

Kirlin, Campbell Hickox & Neating, New York City, of counsel, for respondent.

KNOX, Chief Judge.

The question now before me is whether a libel in personam suffering from a defect in venue, and properly dismissed by this court 74 F.Supp. 155, prior to the effective date of the new Judicial Code, 28 U.S.C.A., can presently be transferred to the proper district, following remand to this tribunal by the Court of Appeals, which affirmed the order of dismissal.

A preliminary consideration arises from the fact that an obviously clerical error occurred in the opinion of the appellate court in that this court was empowered to entertain an application for a transfer of the action under Section 1404 of the Code, instead of Section 1406, 2 Cir., 172 F.2d 298, which is peculiarly appropriate to the facts of this case.

Under the circumstances here present, I entertain the thought I may take Section 1406 in account. See Milwaukee and Minnesota Railroad Co. v. Soutter, 1864, 2 Wall. 510, 69 U.S. 510, 17 L.Ed. 900, and Wilkinson v. Massachusetts Bonding & Insurance Co., 5 Cir., 16 F.2d 66 for the solution of somewhat similar difficulties.

On April 4, 1949, in Orr v. United States, 174 F.2d 577, 580, the Court of Appeals for this circuit held that Section 1406(a) of the new Code applies to an action commenced before the effective date of the Code, where the Code was in effect when the District Court first came to consider dismissal on the ground of improper venue. On petition for rehearing, the result was affirmed, May 25, 1949.

In the course of its opinion on rehearing, the Court said that "The question of the retroactive application of Section 1406(a) is * * * not one of constitutional power, but of reasonable interpretation of the above section." Constitutionwise, the most that can be pleaded is the lifting of the bar of the statute of limitations. Chase Securities Corp. v. Donaldson, 325 U.S. 304, 65 S.Ct. 1137, 89 L.Ed. 1628, on which the court relied in the Orr opinion, involved lifting such a bar after the case had gone to a decision on that

issue in the Supreme Court of Minnesota. I think, therefore, that the above ruling is applicable here, and requires that the present cause be transferred to the district in which it might have been instituted in the first instance.