## UNTERSINGER v. UNITED STATES.

No. 197, Docket 21607.

United States Court of Appeals
Second Circuit.

Argued April 10, 1950.

Decided May 3, 1950.

11. Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 507, 67 S.Ct. 839, 842, 91 L.Ed. 1055.

12. 7 Cir., 176 F.2d 11.

13. February 14, 1950, Dist. of Delaware.

954

Joseph M. Cunningham, New York City (Vernon S. Jones, Charles N. Fiddler, Raymond Parmer, New York City, Irving H. Saypol, United States Attorney, New York City, Kirlin, Campbell, Hickox & Keating, New York City, Counsel to United States Attorney, of counsel), for appellant.

John J. Robinson, New York City (Paul C. Matthews, New York City, Archibald F. McGrath, New York City, of counsel), for appellee.

Before L. HAND, Chief Judge, and SWAN and CHASE, Circuit Judges.

L. HAND, Chief Judge.

The United States, the respondent, appeals from an order of the District Court for the Southern District of New York, vacating a decree in the admiralty which had dismissed the libel of a seaman for personal injuries suffered while upon one of the respondent's ships; and transferring the suit to the Northern District of Ohio. On January 29, 1946, the libellant sued under the Suits in Admiralty Act[1] for an injury suffered on January 30, 1944; the suit was therefore begun just within the period of limitation prescribed by the Act. Judge Knox dismissed the libel because it was not brought in the district of

the libellant's residence or in any district in which the vessel was "found," and we affirmed the decree.[2] The decree of dismissal had been entered before the enactment in 1948 of § 1406(a) of the Judicial Code,[3] but our decision was made thereafter, but before the section was amended in 1949, 63 Stat. 101. After our mandate went down, the libellant, availing himself of leave which we had given him, moved in the district court to vacate the decree of dismissal and for an order transferring the suit to the Northern District of Ohio, the district of the libellant's residence; and on August 29, 1949, after the section had been amended, Judge Knox vacated the dismissal, and ordered the suit to be so transferred. 87 F.Supp. 532. That is the order (which has not yet been executed by a formal transfer of the file) now before us for review.

 The first question is of our appellate jurisdiction, by appeal. We are to consider the United States as having been served in the suit in the District Court for the Southern District of New York in the same sense that an individual defendant is served upon whom process has been personally served in an action pending in that district. The Supreme Court in Hoiness v. United States[4] decided that the provision in the Suits in Admiralty Act that suits must be brought in the district of the libellant's residence or where the ship may be found, was not a condition upon the consent of the United States to be sued, but only a limitation of venue, which does not survive general answer.[5] The situation is not, therefore, like that before us in Foster-Milburn Company v. Knight, 2 Cir., 181 F.2d 949, handed down herewith, in which the result of the transfer, if erroneous, would be that the court to which the suit is transferred would be without jurisdiction to proceed, and any decree a nullity which it might pass. For this reason we will assume arguendo that, were the order of transfer challenged only

1. Title 46 U.S.C.A. § 741 et seq.

2. Untersinger v. United States, 2 Cir., 172 F.2d 298.

3. Title 28 U.S.C.A. § 1406 (a).

4. 335 U.S. 297, 69 S.Ct. 70.

5. Untersinger v. United States, supra, 2 Cir., 172 F.2d 298. Rodinciuc v. United States, 3 Cir., 175 F.2d 479.

because of error in the exercise of the judge's discretionary power, the doctrine of Magnetic Engineering & Manufacturing Co. v. Dings Manufacturing Co.[6] would apply, and we should leave the question to the Sixth Circuit, the court of appeals of the circuit *ad quem*. However, before any question can arise as to the exercise of the judge's discretion, it is necessary to decide whether § 1406(a) authorized the vacation of the decree dismissing the libel. Although upon the former appeal we gave leave to the district court to consider whether § 1406(a) was "applicable to the present cause," we were careful to "intimate no opinion" as to the proper answer, so that the effect of the leave was no more than to relieve Judge Knox of any restraint from our mandate. When the cause came back to him, the preliminary question was therefore whether he had power to vacate the decree of dismissal. In our opinion in Foster-Milburn Company & Westwood Pharmacal Corp., v. Knight, supra, we cited a number of decisions supporting the well-settled doctrine that an appeal lies from the interlocutory order of a judge, vacating a judgment and directing a new trial, if, when he acts, the time has passed within which he has power to change the judgment. It was not necessary in that case to decide whether that doctrine extended generally to all occasions upon which a judge undertakes to vacate or modify a judgment after he has lost power to do so; but in the case at bar it seems to us that the situation is exactly the same as in the decisions cited. In the admiralty—as was true at common law and in equity before the Rules of Civil Procedure, 28 U.S.C.A., changed the doctrine—the court loses jurisdiction over its decrees when the term ends at which they are entered; and when Judge Knox entered the order on appeal, the term had long since ended at which the decree of dismissal had been entered. Thus the question is whether § 1406(a) gave him jurisdiction to vacate the decree notwithstanding this lapse of time. Since, as we have said, our leave on the first appeal did no

more than relieve him of any restraint from our mandate, we repeat that the situation is exactly within the decisions we have mentioned. For this reason we hold that the appeal confers upon us jurisdiction to review the order.

Coming then to the merits, we have to decide whether § 1406(a), as amended in 1949, applies to a decree entered before it was passed. The Third Circuit in Schoen v. Mountain Producers Corp.[7] held that the section, in its original form, did not automatically vacate a judgment of dismissal so entered. Until May, 1949, the section was in the form of an absolute command to the district court to transfer any action brought in a wrong district to "any" district in which it could have been brought; and, although that did give the court discretion between districts, when there were more than one in which the action could have been brought, it gave none as to dismissing the action. When Judge Knox's order was entered on August 29, 1949, § 1406(a) no longer unconditionally required the court to transfer an action pending in the wrong district; it had been so amended that the court might either dismiss the action "or if it be in the interest of justice" transfer it. It may be that this amendment should have been read into the original section; but the Third Circuit did not so read the original, and it appears to us that the change is relevant to the question here at bar. Even though we assume *arguendo* that a statute may not unconditionally deprive a suitor of the benefit of a judgment dismissing a claim against him for a mistake in venue, it appears to us not necessarily to follow that a statute may not relieve the loser of such a mistake if the court had power to give or withhold the relief as justice may demand.

We held in Orr v. United States, 2 Cir., 174 F.2d 577, that the section did apply to pending suits and to that we adhere. However, in that case the dismissal was after § 1406(a) had been enacted as amended, and it is the general rule that, while procedural statutes do apply to pend-

6. 2 Cir., 178 F.2d 866.

7. 170 F.2d 707, 5 A.L.R.2d 1226.

ing litigation,[8] they have no retroactive effect upon any steps that may have been taken in the action before they are passed.[9] In New York there is apparently a gloss upon this that, if the judgment is on appeal when the new act is passed, it may be applied presumably on the theory that the appeal sufficiently suspends the finality of whatever has been done in the lower court.[10] Moreover, the Fifth Circuit in Bowles v. Strickland[11] held that a statute passed, pending an appeal, might be used to supply a procedural defect existing when the action was begun. Nevertheless, it is not clear from the decisions at large, whether in an action at law or in equity, § 1406(a) should be read to apply to steps taken in the action before its enactment, and it so happens that we need not commit ourselves upon the point.

■■ This is a suit in the admiralty, in which the ancient doctrine of equity[12] still persists that an appeal vacates the decree below and constitutes a trial *de novo*. We are asked to hold that this doctrine no longer exists, but as late as 1932 the Supreme Court in Brooklyn Eastern District Terminal v. United States[13] recognized it as still in force; and indeed that was only the last of several recent decisions to the same effect.[14] The courts of appeals have moreover continued to speak of it as still existing down to the present time: witness the last.[15] We agree that the doctrine has not been applied consistently, as indeed it could not be without disrupting the ordinary procedure in the courts of appeal;[16] and in Petterson Lighterage & Towing Corp. v. New York Central R. Co.[17] we plainly indicated that it was more to be honored in the breach than in the observance. Today it has become an anomaly, which, no doubt, only awaits the time when the Supreme Court recasts procedure in the admiralty; but, as sometimes happens in the case of a vestigial archaism, it here serves the turn "in the interest of justice." We hold that we may invoke it in this case, and it follows that, even though an appeal from a judgment in an action may not so far suspend its finality as to make applicable intermediate changes in procedure, an appeal from a decree in the admiralty does so suspend the finality of the decree. Hence, § 1406(a), as amended in 1949, gave power to the district court to vacate the dismissal and transfer the suit. The United States does not challenge the propriety of the transfer as matter of discretion; and it is difficult to see how any one could do so. However, in what we have said, we do not mean to be understood as deciding more that that Judge Knox had jurisdiction to enter the order on appeal, if he thought that course to be "in the interest of justice."

Order affirmed.

8. McBurney v. Carson, 99 U.S. 567, 569, 25 L.Ed. 378.

9. Berkovitz v. Arbib & Houlberg, 230 N.Y. 261, 130 N.E. 288.

10. In re Kahn's Application, 284 N.Y. 515, 32 N.E.2d 534.

11. 5 Cir., 151 F.2d 419.

12. Wiscart v. D'Auchy, 3 Dal. 321, 324, 1 L.Ed. 619.

13. 287 U.S. 170, 176, 53 S.Ct. 103, 77 L.Ed. 240.

14. Reid v. Fargo, 241 U.S. 544, 548, 36 S.Ct. 712, 60 L.Ed. 1156; Standard Oil Co. of New Jersey v. Southern Pacific Co., 268 U.S. 146, 155, 45 S.Ct. 465, 69 L.Ed. 890; Langnes v. Green, 282 U.S. 531, 536.

15. Kulack v. The Pearl Jack, 6 Cir., 178 F.2d 154.

16. Dobson v. United States, 2 Cir., 31 F.2d 288.

17. 2 Cir., 126 F.2d 992.