**Emanuel KULUKUNDIS**

v.

**The UNITED STATES.**

No. 91–55.

United States Court of Claims.

July 12, 1955.

O. P. Easterwood, Jr., Washington, D. C., for plaintiff. McNutt & Nash, New York City, were on the briefs.

Leavenworth Colby, Washington, D. C., with whom was Asst. Atty. Gen., Warren E. Burger, for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and LARAMORE, Judges.

WHITAKER, Judge.

This case is before us on defendant's motion to dismiss plaintiff's petition for want of jurisdiction.

The petition alleges that defendant chartered plaintiff's vessel for a voyage from Bintan, Netherlands East Indies, to a port on the Gulf of Mexico; that the vessel went aground, and that, as a result, salvage expenses were incurred in the amount of $17,510.82. Plaintiff prays judgment against defendant for $2,454.91, its alleged general average contribution.

Defendant says exclusive jurisdiction of such a suit is in the courts of admiralty, citing Lykes Bros. S. S. Co. v. United States, 124 F.Supp. 622, 129 Ct.Cl. 455, certiorari denied 348 U.S. 971, 75 S.Ct. 530. Plaintiff admits that this case "is

squarely in point," and that it holds we have no jurisdiction where the plaintiff is a citizen of this country. He says, however, that he is an alien and that the rule of that case is inapplicable to an alien.

▮ The only possible basis for such a distinction is that the Suits in Admiralty Act, 46 U.S.C.A. § 741 et seq., requires that the suit be brought in the district of plaintiff's residence. Plaintiff says that he has no residence in this country and, hence, that the Suits in Admiralty Act is not applicable to him. This position is not well taken. The provision for bringing the suit in the district of plaintiff's residence was for the purpose of establishing venue, and not jurisdiction. While the plaintiff may be a nonresident of the United States, the district courts still have jurisdiction of the cause of action, although the venue may be somewhat uncertain. See the opinion of the District Court of South Carolina in Middleton & Co. v. United States, 273 F. 199, 201. There it was held that the venue provision of the Suits in Admiralty Act did not deny jurisdiction to some one of the district courts and that where plaintiff was a nonresident, he might sue in any district court.

Irrespective of the proper district in which to bring the suit, we are satisfied that this provision of the Suits in Admiralty Act was not intended to deny jurisdiction to some district court of causes of action, admiralty in nature, where the plaintiff was a nonresident. Hoiness v. United States, 335 U.S. 297, 69 S.Ct. 70, 93 L.Ed. 16; Untersinger v. United States, 2 Cir., 181 F.2d 953.

Defendant's motion is granted, and plaintiff's petition is dismissed.

It is so ordered.

JONES, Chief Judge, and LARAMORE, MADDEN and LITTLETON, Judges, concur.