**Philip E. SHERCK and Edyth M. Sherck, Plaintiffs,**

v.

**H. S. HAGAN, Defendant.**

**Civ. No. 3095.**

United States District Court
D. North Dakota, Southwestern Division.

Nov. 10. 1955.

Richard P. Rausch, of Rausch and Chapman, Bismarck, N. D., for plaintiffs.

J. F. X. Conmy, of Hyland and Conmy, Bismarck, N. D., appeared specially for defendant.

REGISTER, District Judge.

This is an action arising out of an automobile accident which occurred on August 15, 1952, in the city of Chicago, Illinois. The plaintiffs, who were then and presumably are now residents of the state of Michigan, allege in their complaint that defendant is a citizen of Illinois. Jurisdiction of the Federal Court is based on diversity of citizenship.

The action was brought in the United States District Court for the Northern District of Illinois. Service on the defendant was pursuant to the provisions of the Illinois Non-Resident Motor Vehicle Act, through the Illinois Secretary of State. Thereafter defendant appeared specially through counsel, and made a motion in said Court to dismiss the action upon the ground that neither the plaintiffs nor the defendant was a resident or citizen of the state of Illinois, or of the District within and for which said Court sits, nor were they at the time of the filing of this suit, counsel representing that the defendant was then a resident of Mandan, North Dakota, and a citizen of the state of North Dakota. The motion was granted, and Order of Dismissal duly entered. Thereafter, plaintiffs made a motion before said Court for an order vacating the Order of Dismissal, and for transfer of said action to the Southwestern Division of the United States District Court of North Dakota.

Notice of such motion, according to the records, was given to the defendant by the mailing of a copy of such Notice, and of the said Motion, to the defendant at his last known address in Mandan, North Dakota, and at the last known address of the defendant prior to the North Dakota address (Chicago, Illinois), and to the Chicago attorney who had appeared specially for the defendant as aforesaid.

The Illinois Court, by Order dated March 8, 1955, vacated such previous order of dismissal and ordered that the action be transferred to the Southwestern Division of the United States District Court of North Dakota.

Motion for dismissal of said action in this Court was filed on behalf of the defendant by J. F. X. Conmy.

Several specific grounds are stated upon which such motion to dismiss is based, all of which will not be restated in this Memorandum.

It appears to the satisfaction of this Court that the Illinois Court did have original jurisdiction on the basis of diversity of citizenship and the fact that the amount in controversy exceeds $3,000. The requirements of the Illinois Non-Resident Motor Vehicle Act, as to service, were complied with. That service under similar Acts on nonresidents constitutes valid and effective service has been established by the overwhelming weight of authority.

However, it appears that the actual question decisive of the motion is involved in the following specific grounds contained therein, and ably argued by counsel:

"2. The case was dismissed in the District of Illinois and that particular proceeding was thereby terminated, even though said dismissal may have been without prejudice;

"3. The case was never properly reinstituted and could not properly be reinstated;

"4. The case was not pending, having been dismissed in Illinois,

and was not reinstituted and, therefore, could not properly be transferred to the District of North Dakota;

"5. That no Notice of Application to Reinstate or Notice of Application to Transfer to another District was ever served upon the defendant or upon anyone appearing for him, other than those making a special appearance to challenge the jurisdiction and the venue."

The court, in the case of Assman v. Fleming, 8 Cir., 159 F.2d 332, 336, speaking through Chief Justice Gardner, said:

"Courts under proper circumstances have the power to open, correct, modify or vacate their own judgments, especially during the term at which they were entered. * * * The action of a trial court in either granting or refusing an application to vacate a judgment is generally speaking within the judicial discretion of the court. The discretion is not an arbitrary one to be capriciously exercised, but a sound legal discretion guided by accepted legal principles."

In Untersinger v. United States, 2 Cir., 181 F.2d 953, the court recognized the right of the trial judge to vacate an order of dismissal because the venue was improperly laid, and to order the transfer of the suit to the appropriate district.

The case of Chicago & N. W. Ry. Co. v. Davenport, D.C., 1951, 95 F.Supp. 469, 470; was one wherein plaintiffs sought a declaratory judgment against defendants, whose answer was accompanied by a motion to dismiss on the grounds of improper venue. The court granted the motion to dismiss; plaintiff thereupon requested the court to vacate the order of dismissal and sought an order transferring the action to the proper district. Defendants resisted plaintiff's motion to vacate and transfer, stating that the court "* * * 'by entry of its order dismissing this case because of im-

proper venue, no longer has jurisdiction over the subject matter in controversy' ". Plaintiff's motion was nevertheless granted, the court relying on Fed.Rules Civ.Proc. rule 60(b) (6), 28 U.S.C.A., and the Assman and Untersinger cases cited above.

Thus it would appear that the Illinois Court in the instant case did have jurisdiction to vacate the order of dismissal and transfer the action.

As to the service of notice of such motion on the defendant, the Illinois Court, in the Order which was duly issued, states:

"This cause came on for hearing on the motion of the plaintiffs to vacate an order of dismissal and to transfer this cause to the Southwestern Division of the United States District Court of North Dakota, *and proper notice having been given defendant*, and this court being fully advised in the premises, etc." (Emphasis added.)

The matter of the validity of such notice was, at the time of the hearing, before the court, and was found to be proper. The finding of the Illinois Court will be presumed correct.

"Recitals in an order, although not conclusive, are presumptive evidence of their truth, and when uncontradicted are conclusive." 60 C.J.S., Motions and Orders, § 65, p. 84. See discussion found in 60 C.J.S., Motions and Orders, §§ 64–66.

It appears that the plaintiffs are residents and citizens of Michigan, that the defendant is a resident and citizen of Florida or Georgia, he having removed from this State after the commencement of this action and prior to the transfer thereof to this Court, and that the cause of action arose in Illinois. A trial in this court would be of great inconvenience to the parties and witnesses; the expense would necessarily be of unusual magnitude. It would seem that both for the interests of the litigants and the interest of justice, the action should

**296**

be transferred to a court where the trial could more conveniently and justly be held. However, the only matter before this Court is the pending motion for dismissal of the action.

For the reasons hereinbefore stated, such motion will be denied.

It will be so ordered.