ARGONAUT NAVIGATION CO.,
Inc., Plaintiff,

v.

UNITED STATES of America,
Defendant.

United States District Court
S. D. New York.

June 29, 1956.

Zock, Petrie, Sheneman & Reid, New York City, for plaintiff (Francis J. O'Brien, New York City, of counsel).

Paul W. Williams, U. S. Atty., Southern District of New York, New York City, Attorney for defendant (William H. Postner, New York City, of counsel).

THOMAS F. MURPHY, District Judge.

Defendant moves to dismiss plaintiff's amended complaint brought under the Tucker Act, Title 28 U.S.C. § 1346, because of improper venue.

The amended complaint alleges that plaintiff is a citizen of the Dominion of Canada and has an agent for the transaction of business within the jurisdiction of this court, to wit, Ocean Freighting & Brokerage Corp. It then alleges that while its vessel, the SS Argovan, was in the port of Naha, Okinawa, some 36,000 board feet of its dunnage was requisitioned, appropriated and removed by defendant's agents and employees, and that a short time thereafter while in the port of Yokohama additional dunnage was requisitioned by defendant. It further alleges that at the time of such requisitions the defendant agreed to recompense plaintiff for its value and claims $2,675 as the reasonable and agreed value of such dunnage which, despite demand, has not been paid.

Defendant's position is that the venue is improper since Section 1402(a) of Title 28 U.S.C. requires such a suit as this to be prosecuted "only in the judicial district where the plaintiff resides." Obviously the plaintiff, a Canadian corporation, does not reside in this district and the allegation concerning its corporate agent in this district does not cure such defect.

The problem of venue as it relates to non-resident aliens suing under the Tucker Act has been considered by the Supreme Court in Hijo v. United States, 1904, 194 U.S. 315, 322, 24 S.Ct. 727, 48 L.Ed. 994, and by our Court of Appeals in United States v. New York & O. S. S. Co., 2 Cir., 1914, 216 F. 61, 69, but in each instance the court found it unnecessary for disposition to pass on the question.

While it is true that some cases have indicated that a similar provision regarding venue under the Suits in Admiralty Act, 46 U.S.C. § 741 et seq., do not apply to non-resident aliens, cf. Kul-

ukundis v. United States, 1955, 132 F. Supp. 477, 132 Ct.Cl. 644; Middleton & Co. v. United States, D.C.E.D.S.C.1921, 273 F. 199, we find it difficult to disregard the plain and unambiguous language that Congress adopted in 1877 and through many amendments to date has not changed. Unfortunately, an examination of the legislative history of the Act has proved fruitless insofar as it sheds any light on the venue provision.

Accordingly, since this is an action against the sovereign which has given its consent to be sued under certain conditions and those conditions have not been met, this court must follow the plain and concise dictates of the statute and grant the motion to dismiss for lack of venue.

This is an order. No settlement is necessary.