Dr. Arthur S. JONES, Successor to the United States of America, Plaintiff-Appellee,

v.

VILLAGE OF PROCTORVILLE, OHIO, A Municipal Corporation of Lawrence County, Ohio, Defendant-Appellant.

No. 14438.

United States Court of Appeals Sixth Circuit.

May 8, 1961.

J. B. Collier, Ironton, Ohio, for appellant.

James E. Waldo, Ironton, Ohio, for appellee.

Before MILLER, Chief Judge, SIMONS, Senior Circuit Judge, and O'SULLIVAN, Circuit Judge.

PER CURIAM.

The Reconstruction Finance Corporation filed this action to recover on revenue bonds held by it and issued by the defendant-appellant, Village of Proctorville, Ohio, in the financing of a municipal water works and sewer system. On its application the District Court appointed a Receiver on July 10, 1941. The receivership has continued in effect continuously since then.

On or about August 1958 Dr. Arthur S. Jones purchased the bonds from the Reconstruction Finance Corporation and was substituted as successor in interest to the plaintiff. On December 19, 1958, Mrs. Fanny M. Jones, wife of Dr. Arthur S. Jones, was appointed Receiver and has served as such since that time.

On October 10, 1960, the Village of Proctorville moved to terminate the receivership, which motion was overruled by the District Judge on November 4, 1960, followed by this appeal. The motion does not state the grounds upon which it is based, but a memorandum filed in support of the motion states that the water works and sewer system has been in receivership for approximately twenty years, during which period of time the system has been a losing proposition in so far as financial considerations are concerned, has never made a profit, and in fact has always been operated at a loss.

The Receiver filed on October 31, 1960, an Operating & Expenditure Statement for the year ending December 31, 1959, and also for the period of January 1, 1960–June 30, 1960, prepared by an accountant of Huntington, West Virginia. The accountant stated in his letters of transmittal that his examinations did not completely conform to generally accepted auditing standards. These unsworn statements showed operating losses of $6,274.34 and $4,447.93, respectively. On the other hand, they include among the "Expenses & Expenditures" items for "Bond Retirement & Interest Reduction" in the amounts of $6,000.00 and $3,-000.00, respectively, which items are questioned by the appellant. The Court is of the opinion that these important items need further explanation. The accountant did not testify. Nor did the Receiver. Nor was the testimony of any witness offered at the hearing. The District Judge made no findings of fact. The present financial condition of the system and its prospects for successful operation in the future are most inadequately disclosed to this Court.

■ As a general rule the appointment and discharge of a Receiver are ordinarily matters of discretion in the District Court, with which the Court of Appeals will not interfere. But the rule is not applicable in all cases. In a proceeding to foreclose a mortgage, when the amount due has been adjudicated and the questions in litigation have been decided, the continuance of the receivership can only be justified by the necessities of the situation. The fact that many years of receivership has not produced payment of any part of the debt which the Receiver was appointed to secure, is an irresistible argument against his longer continuance. Milwaukie & Minnesota Railroad Co. v. Soutter, 2 Wall. 510, 521–524, 17 L.Ed. 900; Re Metropolitan Railway Receivership, 208 U.S. 90, 111–112, 28 S.Ct. 219, 52 L.Ed. 403. A receivership should not be the means of continuing an enterprise that does not show evident signs of working out for the benefit of the creditors. A judge who has found it necessary to appoint a Receiver should see that the business is liquidated as economically and speedily as possible, unless its continuance is demonstrably beneficial to creditors. Kingsport Press v. Brief English Systems, 2 Cir., 54 F.2d 497, 501, certiorari denied, Owen v. Kingsport Press, Inc., 286 U.S. 545, 52 S.Ct. 497, 76 L.Ed. 1282; Mitchell v. Lay, 9 Cir., 60 F.2d 941, 943; Platt v. Philadelphia & R. R. Co., C.C.E.D.Pa., 65 F. 872, 881; Schroeder v. Annapolis & Chesapeake Bay Power Co., D.C.Md., 2 F.Supp. 394, 398. In addition to there being no findings of fact upon which he based his ruling, the District Judge did not state his reasons for overruling the motion to terminate the receivership. On the record before us we are unable to properly review the order of the District Judge in the light of the applicable principles of law hereinabove referred to.

■ The order of the District Judge is vacated and the case remanded to the District Court for a hearing in which the factual situation will be fully presented and for findings of fact and conclusions of law, with reasons therefor by the District Judge. B. & O. R. Co. v. United States, 279 U.S. 781, 787, 49 S.Ct. 492, 73 L.Ed. 954; Cleveland, C. C. & St. L. R. Co. v. United States, 275 U.S. 404, 414, 48 S.Ct. 189, 72 L.Ed. 338.