**Dr. Arthur S. JONES, successor to the United States of America, Plaintiff-Appellant,**

**v.**

**VILLAGE OF PROCTORVILLE, OHIO, a Municipal Corporation of Lawrence County, Ohio, Defendant-Appellee.**

**No. 14788.**

United States Court of Appeals
Sixth Circuit.
May 25, 1962.

Stanley Goodman, Goodman & Goodman, Cincinnati, Ohio (Stanley Goodman, Cincinnati, Ohio, on the brief), for appellant.

J. B. Collier, Ironton, Ohio, for appellee.

Before McALLISTER and O'SULLIVAN, Circuit Judges, and STARR, Senior District Judge.

PER CURIAM.

This case involves the continuing efforts of the Village of Proctorville, Ohio, (defendant-appellee) to terminate a receivership whereby its waterworks and sewer system are being operated by a receiver appointed by the United States District Court for the Southern District of Ohio. The present receiver, Fannie M. Jones, wife of the plaintiff-appellant, was appointed during the course of proceedings to foreclose a mortgage which secured revenue bonds issued by Proctorville to finance the construction of such municipal facility. These bonds were originally owned by the Reconstruction Finance Corporation. Upon their default, the Reconstruction Finance Corporation instituted these foreclosure proceedings in 1941. Upon dissolution of the Reconstruction Finance Corporation in 1957, the United States of America became the owner of the bonds, and was substituted as party plaintiff in this cause. In 1958 plaintiff, Dr. Arthur S. Jones, acquired the bonds in question from the United States. Thereupon, his motion to be substituted as party plaintiff in this cause was granted, and his wife appointed as successor receiver. A motion of the Village of Proctorville to terminate such receivership was denied by the District Judge on November 4, 1960. On appeal to this Court, we vacated the order denying Proctorville's motion to terminate the receivership, (Jones v. Village of Proctorville, Ohio, 290 F.2d 49, C.A.6, May, 1961), and remanded the cause to the District Court with the following directions:

"The order of the District Judge is vacated and the case remanded to the District Court for a hearing in which the factual situation will be fully presented and for findings of fact and conclusions of law, with reasons therefor by the District Judge."

Following remand, Proctorville's motion to terminate the receivership was again considered by the District Judge. Without conducting the hearing directed by our mandate and without making findings of fact and conclusions of law as our opinion directed, the District Judge, on August 25, 1961, granted appellee's motion to terminate the receivership. He further, by order entered October 5, 1961, dismissed the foreclosure case. Both of these rulings were based on his legal conclusion that the District Court "does not have jurisdiction of this matter." He announced that his own order entered August 29, 1958, substituting

plaintiff-appellant, Dr. Arthur S. Jones, as party plaintiff was improvidently entered; that when Dr. Jones became assignee of the waterworks and sewer bonds, the United States District Court lost jurisdiction of the cause. We hold that the District Judge's conclusion in this regard was erroneous.

No question is raised as to the legality of Dr. Jones' purchase of the revenue bonds from the United States of America (which acquired them from the Reconstruction Finance Corporation upon its dissolution). Federal jurisdiction attached originally, and continued while the Reconstruction Finance Corporation and the United States of America were parties plaintiff. The substitution of Jones as plaintiff did not defeat the Court's jurisdiction once that jurisdiction had been invoked properly by Jones' predecessors in interest. Mollan v. Torrance, 9 Wheat. 537, 6 L.Ed. 154. It was proper for the District Court under Rule 25(c) F.R.Civ.P. 28 U.S.C.A. to substitute Jones for the United States of America upon its transfer to him of the subject matter of the litigation. In the case of Hood ex rel. North Carolina Bank & Trust Co. v. Bell, 84 F.2d 136 (C.A.4, 1936) it was held that jurisdiction of a suit initially commenced by the Reconstruction Finance Corporation was not lost when notes, which were the subject matter of the suit, were transferred to a private party. Denial of a motion to substitute the transferee of the RFC as party plaintiff was reversed. Judge Parker's opinion cites and reviews the many authorities supporting his holding.

We are of the view that the District Court had jurisdiction of the subject matter involved, and that the case should be sent back for a hearing on the merits of the motion to terminate the receivership, as well as for the entry of findings of fact and conclusions of law. In accordance with the foregoing, the order dismissing the case is set aside and the cause remanded for proceedings in conformity with our mandate in Jones v. Village of Proctorville, 290 F.2d 49, 50, (C.A.6, 1961).