Dr. Arthur S. JONES, Successor to the
United States of America, Plaintiff-
Appellant

v.

VILLAGE OF PROCTORVILLE, OHIO, a
Municipal Corporation of Lawrence
County, Ohio, Defendant-Appellee.

No. 15588.

United States Court of Appeals
Sixth Circuit.

May 21, 1964.

Argued by Stanley Goodman, Cincin-
nati, Ohio, Sol Goodman, Goodman &
Goodman, Cincinnati, Ohio, on the brief,
for appellant.

Argued by and on brief J. B. Collier,
Ironton, Ohio, for appellee.

Before MILLER, O'SULLIVAN and
PHILLIPS, Circuit Judges.

PER CURIAM.

This is the third appeal in a receiver-
ship proceeding which began in 1941, in-
volving the water and sewage system of
the Village of Proctorville, Ohio, a mu-
nicipal corporation. The facts are set
forth in some detail in the two previous
opinions of this Court published, 290 F.
2d 49 (C.A. 6) and 303 F.2d 311 (C.A. 6)
and will not be repeated here except to
the extent necessary to dispose of the is-
sues presented on this appeal.

In 1933 the Village of Proctorville bor-
rowed money from the Reconstruction Fi-
nance Corporation to construct a water
and sewage system, secured by first mort-
gage revenue bonds in the face amount of
$58,000. In 1941 the Reconstruction Fi-
nance Corporation filed a complaint
against the Village and obtained judg-
ment by default. On July 10, 1941, a re-
ceiver was appointed to take charge of
and operate this water and sewage sys-
tem. When the Reconstruction Finance
Corporation was liquidated, its rights
were transferred to the United States.

On April 29, 1958, Dr. Arthur S. Jones,
the plaintiff-appellant herein, purchased
the bonds and judgment from the United
States. Between 1941 and 1958 some ten
receivers, principally R.F.C. employees,
were appointed from time to time to op-
erate the properties. No compensation

was ever allowed to any receiver by the District Court. On December 19, 1958, Mrs. Fannie M. Jones, wife of Dr. Arthur S. Jones, was appointed receiver, and no provision was made for paying any compensation to her.

In 1960 the Village of Proctorville filed a motion to dismiss the action and to terminate the receivership, which motion was overruled by the District Court. On appeal the order of the District Court was vacated and the case was remanded for a hearing and for findings of fact and conclusions of law. 290 F.2d 49. Thereafter the District Court entered an order dismissing the action for lack of jurisdiction. On appeal, this judgment was set aside and the cause was remanded to the District Court for proceedings in conformity with the previous mandate of this Court. 303 F.2d 311.

On October 19, 1962, the receiver filed a report which disclosed numerous expenditures not authorized by the Court, some of which the District Judge refused to approve. The District Court thereupon entered an order terminating the receivership and removing the receiver, and plaintiff has appealed. Under date of October 10, 1963, this Court entered an order staying the order terminating the receivership and directing that Mrs.

Jones continue to serve as receiver pending disposition of this appeal or until the further order of this Court.

 At the oral argument of this appeal, counsel for both parties agreed in open court that the receivership should be continued and that Mrs. Jones should continue to act as receiver. The stipulation of the parties to ths effect is quoted in the margin.[1] Counsel for both parties expressed optimism about the prospects that if the receivership is continued over an additional period of years, the receiver may be able to pay all operating expenses, retire the balance due on the indebtedness and turn over the system to the Village free of debt. Although we are of the opinion that under ordinary circumstances this receivership, which has lasted some 23 years, should be terminated, in view of the agreement of the parties we are willing for the receivership to be continued pending further orders of the District Court. We are not willing, however, to enter an order directing that Mrs. Jones continue to serve as receiver, which is a matter to be determined by the District Judge. It is for the District Judge to make a decision as to whether or not Mrs. Jones should be removed as receiver and a new receiver appointed, or whether, in view of the agreement of the parties, she should be

1. "Fannie M. Jones is and has been Receiver of the Proctorville, Ohio Waterworks and Sewer System for some time acting under the orders of the United States District Court for the Southern District of Ohio, Western Division. The Village of Proctorville has requested that she be removed as Receiver and that said receivership be terminated. Said District Court so ordered and this question, among others, is now pending before this Court.

"Both parties hereto, i. e., Dr. Arthur S. Jones and the Village of Proctorville, Ohio, do hereby stipulate and agree that it would be for the best interest of said utilities, the parties and the users of said utilities to allow and permit the said Fannie M. Jones to continue as Receiver herein on the following terms and conditions, i. e., that she file verified semian-

nual accounts, that she refrain from purchasing service supplies, equipment and material on credit, that any unusual expenses or financial obligations which may be incurred as a result of the operation of said utilities be approved by the District Court after filing application for such expenditures with the Court and upon giving notice to the Village of the filing of said application and that she, as Receiver, abide by and comply with all orders of said Court, and provisions of law pertaining to receivers.

"The parties hereto do hereby request the Court to allow and permit said Fannie M. Jones to continue as Receiver on the terms and conditions set forth above and further request the Court to allow and permit the receivership to continue in existence until such time as said bonded indebtedness and the judgment heretofore granted herein are paid in full."

retained as receiver for an additional period of time, subject to the conditions set forth in the stipulation of the parties quoted in the margin.

The only remaining question to be disposed of on this appeal concerns the action of the District Court in disallowing certain disbursements made by Mrs. Jones as receiver. The trial judge found that Mrs. Jones had disbursed to herself the sum of $3,000 as fees, without authorization of the Court, and ordered that said sums be refunded to the receivership account and applied to the payment of outstanding water works interest bearing coupons and to the outstanding sewage bonds owned and held by plaintiff. The District Court further found that Mrs. Jones had made disbursements for legal, accounting and engineering expenses in the amount of $13,069.08, without authorization by the Court. These disbursements were disallowed and the receiver was ordered to reimburse the receivership account in the amount of $13,069.08, this amount to be applied to the payment of outstanding sewage bonds owned and held by plaintiff. These findings of fact by the District Judge are not clearly erroneous and the judgment of the District Court is affirmed in this respect. Rule 52, Federal Rules of Civil Procedure.

An order will be entered affirming the judgment of the District Court in disallowing the disbursements by the receiver of $3,000 and $13,069.08; directing that the receivership be continued in effect, pending further orders of the District Court; remanding the case to the District Court for a determination as to whether or not Mrs. Jones continue as receiver, or whether she shall be removed and a new receiver appointed, without prejudice to the right of the District Court to allow compensation to the Receiver and disbursement for necessary legal, accounting or engineering expenses or any other necessary expenses of the receiver in such amounts as may be found to be just and reasonable under the facts of this case; directing that Mrs. Jones continue to serve as receiver until a decision on the issue is made by the District Court; and for further proceedings not inconsistent with this opinion.